PROSKAUER ROSE LLP
Howard L. Ganz
1585 Broadway
New York, NY 10036-8299
Tel. (212) 969-3000
Fax (212) 969-2900
hganz@proskauer.com
Attorneys for Defendant Altria Group, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
D'ARCY QUINN,                                       :
                                                    :
               Plaintiff,                   :
                                                    :   07 Civ. 8783 (LTS)
     - against -                                 :   ECF Case
                                                    :
                                                    :   AFFIDAVIT OF LOUIS C.
ALTRIA GROUP, INC., *et al.*                        :   CAMILLERI IN SUPPORT
                                                    :   OF DEFENDANT ALTRIA
                                                    :   GROUP INC.'S MOTION TO
                                                    :   DISMISS THE COMPLAINT
                                                    :
               Defendants.                  :
-----------------------------------------------------------------X

STATE OF NEW YORK    )
                     : 
COUNTY OF NEW YORK )

        LOUIS C. CAMILLERI, being duly sworn, deposes and says:

        1.    I am the Chairman of the Board and Chief Executive Officer of Altria Group, Inc. ("Altria"), and I make this affidavit in support of defendant Altria's motion to dismiss the complaint.

2. This is an action in which the plaintiff, D'Arcy Quinn, purports to assert claims against Altria under the Age Discrimination in Employment Act and the New York State Human Rights Law based upon the termination of his employment. Mr. Quinn was not, however, employed by Altria, a corporation organized under the laws of Virginia, with its headquarters in New York; but rather was employed in Switzerland by Philip Morris International Management S.A. ("PMI Management S.A."), a corporation organized under the laws of Switzerland that is an indirect subsidiary of Altria and an indirect subsidiary of defendant Philip Morris International Inc. ("PMI Inc.").

3. Altria is a company with less than thirty (30) employees that does not manufacture, sell or distribute any products. It is the parent company of several direct and indirect subsidiaries based both in the United States and abroad. In addition to PMI Inc., a corporation organized under the laws of Virginia which has also been named as a defendant in this action, Altria's main subsidiaries over time have been Philip Morris USA, Kraft Foods, Inc. and Miller Brewing Company.

4. Altria does not, as the caption of the complaint in this action suggests, "do business as" PMI Inc. and PMI Management S.A. To the contrary, Altria, PMI Inc. and PMI Management S.A. are each separate and independent companies. Altria has its own separate board of directors, and none of the directors or officers of Altria is a director or officer of either PMI Inc. or PMI Management S.A. Altria does not regularly share employees with PMI Inc. or PMI Management S.A.; Altria does not commingle funds, bank accounts, accounts receivables or inventories with PMI Inc. or PMI Management S.A.; and Altria, PMI Inc. and PMI Management S.A. all maintain their own books and issue their own paychecks to employees.

5. Altria has strict internal guidelines to ensure that corporate formalities are observed when dealing with its subsidiaries, whether direct or indirect. Transactions between Altria and those subsidiaries, including PMI Inc. and PMI Management S.A., are conducted on an arms-length basis, and services that pass between the companies are the subject of written agreements and exchanged with arms-length consideration.

6. In sum, Altria's interactions with PMI Inc. and PMI Management S.A. are entirely consistent with normal parent/subsidiary relationships, with the subsidiaries being responsible for the day-to-day operation of their own respective business affairs. In particular, Altria does not exercise day-to-day control over labor relations or employment matters involving PMI Inc. or PMI Management S.A.

7. I did not play any part in the decision to terminate the employment of Mr. Quinn. Mr. Quinn's employer, PMI Management S.A., was not required to - and did not - seek Altria's approval in connection with the decision to terminate Mr. Quinn's employment.

8. In fact, I do not recall ever having met Mr. Quinn or having heard anything about Mr. Quinn prior to the commencement of this litigation.

9. In Paragraph 36 of the complaint, Mr. Quinn asserts that Andre Reiman, who at the time in question was employed by PMI Global Services, Inc., and not by Altria, "boasted" about having communicated directly with Altria's Board of Directors and with me personally concerning decisions made to fire individuals employed by PMI Management S.A. – an assertion designed to suggest that I played some part in the decision to terminate Mr. Quinn's employment. Although I do not know what, if anything, Mr. Reiman may have said to others, I do know that he never sought the approval of either Altria's Board of Directors or me as to whether Mr. Quinn should be fired.

10. In Paragraph 44 of the complaint, Mr. Quinn asserts that Ulrike Kubala (who is employed by PMI Management S.A., not by Altria - and not, as Paragraph 44 alleges, by PMI Inc.) told him that I "had decided to fire plaintiff and eliminate his position." Again, although I do not know what, if anything, Ms. Kubala may have said to Mr. Quinn, I do know that I did not make the decision to terminate Mr. Quinn's employment or eliminate his position at PMI Management S.A.

_____
Louis C. Camilleri

Sworn to me this 4 day

of January, 2008

_____
Notary Public

JESSICA D. ALVERSON
Notary Public, State of New York
No. 01AL6131587
Qualified in Suffolk County
Commission Expires August 8, 20 09

4