# Exhibit B to Declaration of Shawn Patrick Regan

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
D'ARCY QUINN,                                         :
                                                      :
                              Plaintiff,              :
                                                      :
            - against -                               :    07-CV-8783 (LTS) (RLE)
                                                      :
ALTRIA GROUP, INC. (f/k/a PHILIP MORRIS               :
COMPANIES), d/b/a itself, d/b/a ALTRIA                :
CORPORATE SERVICES, INC. (f/k/a PHILIP                :
MORRIS CORPORATE SERVICES, INC.), d/b/a               :
PHILIP MORRIS INTERNATIONAL INC., d/b/a               :
PHILIP MORRIS INTERNATIONAL                           :
MANAGEMENT, S.A.;                                     :
and                                                   :
PHILIP MORRIS INTERNATIONAL INC., d/b/a               :
itself and d/b/aPHILIP MORRIS                         :
INTERNATIONAL MANAGEMENT, S.A.                        :
                                                      :
                              Defendants.             :
-------------------------------------------------------------X
```

## DECLARATION OF ANN MARIE KACZOROWSKI IN SUPPORT OF DEFENDANT PHILIP MORRIS INTERNATIONAL INC.'S MOTION TO DISMISS

Ann Marie Kaczorowski, pursuant to 28 U.S.C. § 1746, hereby declares:

1. I am a member of the Board of Directors of Philip Morris International Inc. ("PMI Inc."). I make this Declaration in support of PMI Inc.'s motion to dismiss the complaint in this lawsuit. I have personal knowledge of the facts set forth in this Declaration. Unless otherwise specified, all of the facts attested to in this Declaration have been true since at least January 1, 2005 until at least February 1, 2007, which I am informed covers the relevant period in this suit.

2. PMI Inc. is a Virginia corporation and is the holding company for numerous subsidiaries. For part of the relevant time period noted above, PMI Inc. was incorporated in Delaware. PMI Inc. manufactures no products and provides no services to customers. It acts

only through its Directors and Officers or authorized non-employee agents and representatives. PMI Inc. derives income from dividends received from its subsidiaries and interest.

3. As a holding company, PMI Inc., through its Board of Directors, appoints officers and distributes dividends on its earnings to its parent-shareholder. PMI Inc. has also entered into credit facility agreements with lending syndicates for extensions of credit to itself and its wholly-owned subsidiaries, and it has entered into a strategic trademark license and distribution cooperation agreement with China National Tobacco Company, and an agreement with the European Community relating to certain sales and distribution practices designed to combat cigarette contraband and counterfeiting activity. It does not control its subsidiaries' day-to-day decisions, either in labor relations or operational areas. PMI Inc. does not make, approve or exercise veto power over decisions concerning the hiring or firing of any employees at any of its subsidiaries.

4. PMI Inc.'s operating subsidiaries conduct their own businesses and manage themselves in accordance with their particular business requirements and operations and the specific legal requirements of the jurisdictions in which they operate. PMI Inc.'s operating subsidiaries have their own officers and directors (or the equivalent thereof under the corporate laws of the jurisdiction where the particular subsidiary is located) who are responsible for the management and operations of that subsidiary, including its personnel, and decisions with respect to the conduct of its business. Collectively, these subsidiaries—over 200 in total— conduct the worldwide tobacco business operations occasionally referred to as "Philip Morris International."

5. I am informed that the Complaint in this lawsuit alleges that PMI Inc. "has controlled Philip Morris International Management S.A." within the meaning of the labor laws.

As discussed below, PMI Inc. does not exercise control over the employment decisions of Philip Morris International Management S.A. ("PMI Management S.A.").

6.      PMI Management S.A. is a Swiss corporation with its offices in Lausanne, Switzerland. It is a separate and distinct legal entity from PMI Inc. It is an indirect subsidiary of PMI Inc. that provides management and professional services to PMI Inc. and subsidiaries of PMI Inc., pursuant to service agreements between the companies.

7.      PMI Management S.A. is substantially removed from PMI Inc. within the overall corporate structure of the companies, and operates as a separate legal entity in accordance with Swiss law. PMI Inc. has several direct subsidiaries, including Philip Morris International Finance Corp., a distinct holding company organized under the laws of Delaware. Philip Morris International Finance Corp., in turn, has several different subsidiaries, including Philip Morris International Investments, Inc., a corporation organized under the laws of Delaware. Philip Morris International Investments, Inc. has a number of direct subsidiaries, one of which is Philip Morris International Holdings GmbH, a Swiss corporation based in Zug, Switzerland. Philip Morris International Holdings GmbH owns, among other companies, FTR Holding S.A., a Swiss corporation based in Neuchatel, Switzerland. And FTR Holding S.A., among its many direct and indirect subsidiaries, wholly-owns PMI Management S.A.

8.      I am informed that the Complaint in this lawsuit also refers to "Philip Morris International, Inc., d/b/a itself and d/b/a Philip Morris International Management S.A." PMI Inc. does not "do business as" PMI Management S.A.; nor does PMI Inc. use "Philip Morris International Management S.A." as a trade name, alias or fictitious business name. As noted above, PMI Inc. and its direct and indirect subsidiaries have and do, from time-to-time, use the

term "Philip Morris International" or "PMI" as a form of trade name referring to the global tobacco business operations of the subsidiaries of PMI Inc.

9. None of the following individuals were employed by PMI Inc. at any time between January 1, 2005 and February 1, 2007: Andre Reiman, Constantin Douros, Michael Fawlk, Michel Perron, Kenneth Schoenholz, Birute Vaitkeviciene or Ulrike Kubala. PMI Inc. also never employed D'Arcy Quinn.

10. PMI Global Services Inc. is a Delaware corporation. It is a separate and distinct legal entity from PMI Inc. PMI Global Services Inc. is a subsidiary of PMI Inc.

11. PMI Inc. has no labor relations function. PMI Inc. has not exerted centralized control over any of its other subsidiaries' labor relations in any fashion. Among other things:

    i. PMI Inc. has had no human resources department;

    ii. PMI Inc. has made no personnel decisions at all concerning the employees of its subsidiaries;

    iii. PMI Inc. has not (for either itself or any of its subsidiaries) hired, fired, promoted, demoted, evaluated, compensated, or disciplined employees, conducted employee evaluations, or promulgated employee policies;

    iv. PMI Inc. has not made, approved or exercised veto power over any of its subsidiaries' personnel decisions or performance evaluations; and

    v. PMI Inc. has not considered or approved any of its subsidiaries' job applications or personnel status reports.

12. During the relevant time period -- that is, since at least January 1, 2005 -- PMI Inc. acted purely as a holding company. Among other things:

      i.      PMI Inc. has had no involvement with any of its subsidiaries' daily decisions as to manufacturing, distribution, marketing or advertising activities;

      ii.      PMI Inc. has shared no employees with any of its subsidiaries, nor does it have common records with any of its subsidiaries;

      iii.      PMI Inc. has not co-mingled funds, bank accounts, accounts receivable, or inventories with its subsidiaries;

      iv.      PMI Inc. did not maintain its subsidiaries' books, or prepare or file its subsidiaries' tax returns; and

      v.      PMI Inc. has not paid its subsidiaries' expenses or signed its subsidiaries' paychecks.

13. Based on my personal knowledge with respect to PMI Inc. and a review of relevant books and records I requested with respect to PMI Management S.A., I have knowledge of the fact that, during the relevant time period, PMI Inc. and PMI Management S.A. had one common director. Among the several dozen individuals who served as officers of PMI Management S.A. during some or all of this period, four were also officers of PMI Inc.

14. PMI Inc. never employed Plaintiff and, thus, never contributed to U.S. Social Security on his behalf.

15. PMI Inc. did not terminate Plaintiff's employment, nor did it do or say anything to bring about Plaintiff's termination. PMI Inc. did not make, approve or exercise veto power over the decision to terminate Plaintiff. Nor has PMI Inc. ever discriminated or retaliated against Plaintiff in any fashion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 14, 2008, at Richmond, Virginia.

*Ann Marie Kaczorowski*
Ann Marie Kaczorowski