PROSKAUER ROSE LLP
Howard L. Ganz
1585 Broadway
New York, New York 10036
Tel. (212) 969-3035
Fax  (212) 969-2900
hganz@proskauer.com
Attorneys for Defendant Altria Group, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                              :
D'ARCY QUINN,                                 :
                                              :
                          Plaintiff,          :        07 Civ. 8783 (LTS)
                                              :
          against -                           :
                                              :
ALTRIA GROUP, INC., *et al.*                  :        **ECF FILING**
                                              :
                          Defendants.         :
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
ALTRIA GROUP, INC.'S MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1)**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... 2

PRELIMINARY STATEMENT ............................................................................. 4

FACTUAL BACKGROUND ................................................................................. 5

STANDARD OF REVIEW ................................................................................... 7

ARGUMENT ........................................................................................................ 8

   I.   PLAINTIFF'S ADEA CLAIMS AGAINST ALTRIA SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE ALTRIA DID NOT "CONTROL" PMI MANAGEMENT S.A. (OR PMI INC.) WITHIN THE MEANING OF THE ADEA, 29 U.S.C. § 623(h)(3) ........................................................... 8

   II.  PLAINTIFF'S NYSHRL CLAIMS SHOULD ALSO BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION ....................................................... 13

       A.   Altria is Entitled to Dismissal of Plaintiff's NYSHRL Claims Because No Acts of Discrimination Were Committed by Altria in New York State ........................... 13

       B.   Altria is Entitled to Dismissal of Plaintiff's NYSHRL Claims Because No Acts of Discrimination Were Committed Outside New York Against a New York State Resident ............................................................................................................... 14

CONCLUSION .................................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Caesar v. Interoute Telecommunications, Inc.,*
No. 00-cv-8629 (DLC), 2001 WL 648946 (S.D.N.Y. Jun. 12 2001) ...................................... 14

*Cook v. Arrowsmith Shelburne, Inc.,*
69 F.3d 1235 (2d Cir. 1995) .................................................................................... n3, 9

*Denty v. SmithKline Beecham Corp.,*
907 F.Supp. 879 (E.D. Pa. 1995) ................................................................................ 9

*Duncan v. AIG,*
No. 01 Civ. 9269, 2002 WL 31873465 (S.D.N.Y. Dec. 23, 2002) ................................ 9, 10, 11

*Gizzo v. I.N.S.,*
510 F.Supp.2d 210 (S.D.N.Y. 2007) ........................................................................... 8

*Hylton v. Ry Management,*
No. 05CV6710, 2006 U.S. Dist. LEXIS 51364 (S.D.N.Y. Jul. 25, 2006) ............................... 8

*In re Terrorist Attacks on September 11, 2001,*
349 F.Supp.2d 765 (S.D.N.Y. 2005) .......................................................................... 13

*Jazini v. Nissan Motor Co.,*
148 F.3d 181 (2d Cir. 1998) ................................................................................... 13

*Leeds v. Meltz,*
85 F.3d 51 (2d Cir. 1996) ........................................................................................ 8

*Makarova v. United States,*
201 F.3d 110 (2d Cir. 2000) ..................................................................................... 7

*Malik v. Meissner,*
82 F.3d 560 (2d Cir. 1996) ....................................................................................... 8

*Meng v. Ipanema Shoe Corp.,*
73 F.Supp.2d 392 (S.D.N.Y. 1999) ........................................................................ 11, n4

*Papasan v. Allain,*
478 U.S. 265 (1986) ................................................................................................ 8

*Schade v. Coty,*
No. 00 Civ. 1568, 2001 U.S. Dist. LEXIS 8440 (S.D.N.Y. Jun. 20, 2001) ........ n3, 9, 10, 11, n4

*Small v. United States*,
   544 U.S. 385 (2005) ................................................................................................. 8

*Thomas v. Texaco*, Inc.,
   998 F.Supp. 368 (S.D.N.Y. 1998) .......................................................................... 14

*Trevino v. Celanese Corp.*,
   701 F.2d 397 (5th Cir. 1983) ................................................................................... 9

**Statutes**

29 U.S.C. § 621 ............................................................................................................... 4

29 U.S.C. § 623 ..................................................................................................... 8. 9, 11

Fed. R. Civ. P. 12(b) ............................................................................................... 4, 7, 8

N.Y. Exec. L. § 296 ........................................................................................................ 4

N.Y. Exec. L. § 298-a ............................................................................................ 13, 14

**Other Authorities**

2 Daniel R. Coquillette et al., 2 *Moore's Federal Practice* 3d, § 12.30[4] ................... 8

## PRELIMINARY STATEMENT

Plaintiff D'Arcy Quinn is a resident of Switzerland, who was employed by, and worked in Switzerland for, Philip Morris International Management S.A. ("PMI Management S.A."), a foreign company organized under the laws of Switzerland that is an indirect subsidiary of defendant Altria Group, Inc. ("Altria"), a corporation organized under the laws of Virginia.  In this action, Mr. Quinn asserts that his employment with PMI Management S.A. was terminated on account of his age in alleged violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296 *et seq.*

Plaintiff Quinn was not employed by defendant Altria, and Altria played no part in the decision to terminate Mr. Quinn's employment.  Notwithstanding these facts, plaintiff seeks to pursue ADEA and NYSHRL claims, based on that termination, against Altria.  He cannot, we respectfully submit, do so; and the Court should dismiss the complaint as against Altria, pursuant to Federal Rules of Civil Procedure 12(b)(1), because:

(1)    The ADEA does not apply to the conduct of a foreign corporation, like PMI Management S.A., absent a demonstration that the foreign corporation is "controlled" by an American employer within the meaning of Section 4(h) of the ADEA, 29 U.S.C. § 623(h).  As demonstrated below, Altria did not make the decision to terminate plaintiff's employment - and, more generally, Altria did not "control" PMI Management S.A. within the meaning of the ADEA.

4

(2)    The NYSHRL provides a private right of action only if a plaintiff can show (i) that an act of discrimination was committed in New York State; or (ii) that an act of discrimination was committed outside of New York State against a New York state resident. Here, plaintiff was employed in Switzerland and that is where the alleged discrimination occurred; and, according to the complaint itself, plaintiff is a resident of Switzerland and not New York.

## FACTUAL BACKGROUND

Plaintiff Quinn, while a citizen of the United States, is a resident of Switzerland. (*See* Complaint ("Compl.") ¶¶ 7, 8). Although the complaint asserts that Mr. Quinn was employed in Switzerland by "defendants" (Compl. ¶ 9) and defines "defendants" to include Altria (Compl. ¶ 1), he was not, in fact, employed by Altria, but rather by PMI Management S.A., a Swiss corporation that is an indirect subsidiary of Altria.[1]

Altria, a corporation organized under the laws of Virginia with its headquarters in New York, is a company with less than thirty (30) employees that does not manufacture, sell or distribute any products. It is the parent company of several direct and indirect subsidiaries, including PMI Management S.A. (an indirect subsidiary), that are based both in the United States and abroad. (Camilleri Aff. ¶¶ 2, 3).[2]

---

[1] *See* Affidavit of Louis C. Camilleri ("Camilleri Aff.") ¶ 2. Throughout its Statement of Facts (¶¶ 23-50), the complaint refers repeatedly – and generally – to conduct in which the "defendants" allegedly engaged. In describing that alleged conduct, however (and with the exception of two hearsay references discussed below), the complaint refers only to defendant Philip Morris International Inc. ("PMI Inc.") – *not* to Altria; and it identifies only individuals claimed to be employed by PMI Inc. – and *not* by Altria. *See, e.g.*, Compl. ¶¶ 26, 27, 31, 32, 34, 35, 39, 40, 42, 43, 44 and 45. Moreover, the complaint itself acknowledges that it was Mr. Quinn's immediate supervisor in Switzerland who advised him that his employment was to be terminated. *See* Compl. ¶¶ 32, 39.

[2] In addition to PMI Inc., which has also been named as a defendant in this action, Altria's main subsidiaries over time have been Philip Morris USA, Kraft Foods, Inc. and Miller Brewing Company. (Camilleri Aff. ¶ 3).

5

Although the caption of the complaint filed in this action suggests that Altria "does business as" PMI Inc. and PMI Management S.A., that is not at all the case. To the contrary, Altria, PMI Inc. and PMI Management S.A. are each separate and independent companies. Altria has its own separate board of directors; and none of the directors or officers of Altria is a director or officer of either PMI Inc. or PMI Management S.A. (Camilleri Aff. ¶ 4).

Moreover, Altria does not regularly share employees with PMI Inc. or PMI Management S.A.; Altria does not commingle funds, bank accounts, accounts receivables or inventories with PMI Inc. or PMI Management S.A.; and Altria, PMI Inc. and PMI Management S.A. all maintain their own books and issue their own paychecks to employees. Indeed, Altria has strict internal guidelines to ensure that corporate formalities are observed when dealing with its subsidiaries, whether direct or indirect. Transactions between Altria and those subsidiaries, including PMI Inc. and PMI Management S.A., are conducted on an arms-length basis, and services that pass between the companies are the subject of written agreements and exchanged with arms-length consideration. (Camilleri Aff. ¶¶ 4, 5).

In sum, Altria's interactions with PMI Inc. and PMI Management S.A. are entirely consistent with normal parent/subsidiary relationships, with the subsidiaries being responsible for the day-to-day operation of their own respective business affairs. (Camilleri Aff. ¶¶ 6).

Most importantly, for present purposes, Altria does not exercise day-to-day control over labor relations or employment matters involving PMI Inc. or PMI Management S.A.; and Altria did not play any part in the decision to terminate the employment of plaintiff Quinn. In fact, plaintiff's employer, PMI Management S.A., was not required to – and did not – seek Altria's approval in connection with that decision. (Camilleri Aff. ¶¶ 6, 7).

6

In an apparent effort to satisfy the "control" test set forth in the ADEA, the complaint advances two assertions concerning statements allegedly made about – *but not by* – Louis C. Camilleri, the Chairman of the Board and Chief Executive Officer of Altria, with respect to plaintiff Quinn.

In Paragraph 36, the complaint asserts that Andre Reiman, who was employed by PMI Global Services, Inc. – and *not* by Altria – "boasted" about having communicated directly with Altria's Board of Directors and with Mr. Camilleri personally concerning decisions made to fire individuals employed by PMI Management S.A.  Presumably, this assertion is designed to suggest that Mr. Camilleri played some part in the decision to terminate Mr. Quinn's employment.  However, as the accompanying affidavit of Mr. Camilleri makes clear, that is simply not the case, and Mr. Reiman never sought the approval of either Altria's Board of Directors or Mr. Camilleri as to whether Mr. Quinn should be fired.  (Camilleri Aff. ¶¶ 7, 9).

Similarly, Paragraph 44 of the complaint asserts that Ulrike Kubala, who is employed by PMI Management S.A. – and, again, *not* by Altria - told Mr. Quinn that Mr. Camilleri "had decided to fire plaintiff and eliminate his position."  But, as the Camilleri Affidavit explicitly states, Mr. Camilleri did not make the decision to terminate Mr. Quinn's employment or eliminate his position at PMI Management S.A.  (Camilleri Aff. ¶ 10).

## **STANDARD OF REVIEW**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) where the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In resolving the question of jurisdiction, the court may properly refer to evidence outside the pleadings, and the plaintiff asserting subject

matter jurisdiction has the burden of proving by a preponderance of the evidence that such

jurisdiction exists. *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).  On a Rule 12(b)(1)

motion, the court is "not bound to accept as true a legal conclusion couched as a factual

allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986); and "bald assertions and conclusions

of law will not suffice."  *Hylton v. Ry Management*, No. 05CV6710, 2006 U.S. Dist. LEXIS

51364, at *15 (S.D.N.Y. Jul. 25, 2006), *quoting, Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Moreover, "a court is not to draw inferences favorable to the party asserting jurisdiction." *Gizzo*

*v. I.N.S.*, 510 F.Supp.2d 210, 211 (S.D.N.Y. 2007); *see generally*, 2 Moore's Federal Practice 3d,

§ 12.30[4].

Although the complaint in this action asserts – upon "[i]nformation and belief" and in the

most conclusory manner  (Compl. ¶ 15) – that Altria "has controlled" PMI Management S.A.

and PMI Inc., the facts belie that assertion.  Accordingly, the complaint as against Altria should

be dismissed.

## **ARGUMENT**

I.    **PLAINTIFF'S ADEA CLAIMS AGAINST ALTRIA SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE ALTRIA DID NOT "CONTROL" PMI MANAGEMENT S.A. (OR PMI INC.) WITHIN THE MEANING OF THE ADEA, 29 U.S.C.§ 623(h)(3).**

Courts presume that "Congress ordinarily intends its statutes to have domestic, not

extraterritorial, application." *Small v. United States*, 544 U.S. 385 (2005).  Consistent with this

principle, the ADEA has extraterritorial effect in very limited circumstances.  Only when an

American employer "controls" the foreign corporation is the conduct of the foreign corporation

"presumed" to be that of the American employer so as to permit application of the ADEA.  29

U.S.C. § 623(h)(1).  The ADEA does not have extraterritorial effect if "the employer is a foreign

person not controlled by an American employer." 29 U.S.C. § 623(h)(2). *See, e.g., Denty v. SmithKline Beecham Corp.*, 907 F.Supp. 879, 883 (E.D. Pa. 1995) ("American citizens working abroad for companies not controlled by American companies are not protected because the practices of such companies are not covered by the ADEA."), *aff'd*, 109 F.3d 147 (3d Cir.), *cert. denied*, 522 U.S. 820 (1997). This is precisely the circumstance here.

Plaintiff, who was employed in Switzerland by PMI Management S.A., a corporation whose place of incorporation is a foreign country, cannot pursue a claim under the ADEA against Altria - because PMI Management S.A. is not "controlled" by Altria in the manner contemplated by 29 U.S.C. § 623(h)(3).

Although the ADEA sets forth four factors to be considered in determining whether an American employer such as Altria "controls" a foreign corporation such as PMI Management S.A. (or PMI Inc.),[3] the courts in this Circuit have made clear that, for purposes of determining whether an American employer can be held liable under the ADEA for the conduct of a foreign corporation in a foreign country, the "focus" should be on whether there is a centralized control of labor relations. *See Schade v. Coty*, No. 00 Civ. 1568, 2001 U.S. Dist. LEXIS 8440, at *19-20 (S.D.N.Y. June 20, 2001) (*citing Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241 (2d Cir. 1995) (*citing Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983)); *Duncan v. AIG*, No. 01 Civ. 9269, 2002 WL 31873465, at *3 (S.D.N.Y. Dec. 23, 2002).

---

[3] Those four factors are (i) the "interrelation of operations" between the two entities; (ii) "common management"; (iii) "centralized control of labor relations"; and (iv) "centralized ownership or financial control, of the employer and the corporation." *See* 29 U.S.C. § 623(h)(4). As Judge Koeltl noted in *Schade v. Coty*, No. 00 Civ. 1568, 2001 U.S. Dist. LEXIS 8440, at *18 (S.D.N.Y. June 20, 2001), "[w]hile this test was originally developed to determine whether two entities constituted a single employer in the context of labor disputes, it has been applied to determine whether a corporation which is affiliated with a corporate employer should be held liable as an 'employer' under Title VII or the ADEA," *citing Cook v. Arrowsmith Shelburne, Inc.* 69 F.3d 1235, 1240 (2d Cir. 1995).

9

More specifically, as the courts have repeatedly recognized, "the critical question to be answered is: "'What entity made the final decisions regarding employment matters *related to the person claiming discrimination*?"' *Schade*, 2001 U.S. Dist. LEXIS 8440, at *20 (*quoting Cook*, 69 F.3d at 1240) (emphasis added); *Duncan*, 2002 WL 31873465, at *3.

Here, as the Affidavit of Louis Camilleri, Altria's Chairman of the Board and Chief Executive Officer, makes clear, Altria had nothing to do with the decision to terminate plaintiff's employment; and PMI Management S.A. was not required to, and did not, seek Altria's approval with respect to that decision. (Camilleri Aff. ¶ 7).

In *Schade*, the Court concluded that neither the U.S. parent corporation nor the holding company exercised the degree of control over a Chinese subsidiary requisite to a finding that they were subject to liability as the plaintiff's "employer." *Schade*, 2001 U.S. Dist. LEXIS 8440, at *29. And the circumstances in *Schade* – the relationship between the U.S. parent corporation and its Chinese subsidiary – are remarkably similar to those that obtain here.

In *Schade*, "the ultimate decision to terminate the plaintiff was made by" employees of the Chinese subsidiary, *Schade*, *supra*, at *29; and the same is true here. (*See* Camilleri Aff. ¶ 7). In *Schade*, the U.S. parent did not exercise day-to-day control over the labor relations or employment matters involving the foreign subsidiary, *see Schade*, *supra*, at *25; and the same is true here. (*See* Camilleri Aff. ¶ 6). In *Schade*, the companies "did not routinely shift employees between the two companies," and the plaintiff worked for, and was supervised by, executives of the Chinese subsidiary, *Schade, supra*, at *25; and the same is true here. (*See* Camilleri Aff. ¶¶ 6,7). *See also Duncan*, 2002 WL 31873465, at *3-4 (parent and subsidiary held to be separate

entities in Title VII and ADA action, where, *inter alia*, the subsidiary made its own hiring and firing decisions and administered its employees' personnel files and employment records).

The other three control factors enumerated by the ADEA - interrelation of operations, common management and common ownership or financial control – are "less significant," *Duncan*, *supra*, at *3, and "less important" because "they represent ordinary aspects of the parent-subsidiary relationship," *Schade*, 2001 U.S. Dist. LEXIS at *29-30, *quoting Meng v. Ipanema Shoe Corp.*, 73 F. Supp. 2d 392, 403 (S.D.N.Y. 1999).[4] But even an assessment of the "less important" factors demonstrates that plaintiff cannot possibly make the showing required by 29 U.S.C. § 623(h)(3).

Thus, the facts here are that Altria has its own separate board of directors; that none of the directors or officers of Altria is a director or officer of PMI Inc. or PMI Management S.A.; that Altria, PMI Inc. and PMI Management S.A. do not regularly share employees; that Altria, PMI Inc. and PMI Management S.A. do not commingle funds, bank accounts, accounts receivable or inventories; and that Altria, and PMI Management S.A. and PMI Inc. all maintain their own books and issues their own paychecks to employees. (Camilleri Aff. ¶ 4). These facts serve only further to punctuate the point that Altria does not control either PMI Inc. or PMI Management S.A. within the meaning of the ADEA. *See Schade*, 2001 U.S. Dist. LEXIS 8440, at *20-22 (dismissing ADEA claim against U.S. parent of foreign subsidiary).

---

[4] *See also Schade*, *supra*, at *29-30 (common management of foreign parent and U.S. subsidiary did not suggest control as contemplated by ADEA and "the mere existence of common management and ownership are not sufficient to justify treating a parent corporation and its subsidiary as a single employer, " *quoting Meng*, 73 F. Supp. 2d at 403.).

11

Because, as demonstrated above, Altria did not make the decision to terminate plaintiff's employment and does not "control" PMI Inc. or PMI Management S.A. within the meaning of the ADEA, the Court should dismiss plaintiff's claims against Altria under that statute.

## II.   PLAINTIFF'S NYSHRL CLAIMS SHOULD ALSO BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

The New York State Human Rights Law provides a private right action in only two circumstances: (1) for acts of discrimination committed in New York State; and (2) for acts of discrimination committed outside of New York State against a New York State resident. *See* N.Y. EXEC. LAW § 298-a.  Plaintiff cannot satisfy either of these standards.

### A.   Altria is Entitled to Dismissal of Plaintiff's NYSHRL Claims Because No Acts of Discrimination Were Committed by Altria in New York State.

The complaint baldly asserts that "the decision to terminate plaintiff's employment was made, reviewed and/or approved in New York." (Compl. ¶¶ 58, 71).  But plaintiff provides no facts in support of this assertion.  Rather, the statement is simply a "conclusory non-fact-specific jurisdictional allegation[]" that cannot establish a *prima facie* case adequate to survive a motion to dismiss.  *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185-86 (2d Cir. 1998); *In re Terrorist Attacks on September 11, 2001*, 349 F.Supp.2d 765, 783 (S.D.N.Y. 2005).  And, in light of the facts that Altria played no part in the decision to terminate Mr. Quinn and that Mr. Quinn's employer, PMI Management S.A., was not required to (and did not) seek Altria's approval with respect to that decision (Camilleri Aff. ¶ 7), plaintiff, who was employed at all relevant times in Switzerland and who was advised that his employment was to be terminated by his immediate supervisor in Switzerland (*see* Compl. ¶¶ 32, 39), cannot possibly meet his burden of showing that an alleged act of discrimination was committed in New York State.

**B.    Altria is Entitled to Dismissal of Plaintiff's NYSHRL Claims Because No Acts of Discrimination Were Committed Outside New York Against a New York State Resident.**

The complaint asserts that plaintiff is a resident of Switzerland. (Compl. ¶ 8). Accordingly, plaintiff's claims under the NYSHRL should be dismissed because - whether or not some act of discrimination was committed outside New York – that alleged discriminatory act was not committed against a New York resident. *See* N.Y. EXEC. LAW § 298-a; *Caesar v. Interoute Telecommunications, Inc.*, No. 00-cv-8629 (DLC), 2001 WL 648946, at *3 (S.D.N.Y. Jun. 12, 2001); *Thomas v. Texaco, Inc.*, 998 F.Supp. 368, 371 (S.D.N.Y. 1998).

Accordingly, there exists no basis for the extraterritorial application of the NYSHRL, and plaintiff's claims against Altria under the NYSHRL should be dismissed.

## CONCLUSION

For the reasons set forth above, we respectfully submit that the Court should dismiss the complaint as against Altria.

Dated: January 14, 2008

Respectfully submitted,

PROSKAUER ROSE LLP

By: _____

Howard L. Ganz
1585 Broadway
New York, New York 10036-8299
Tel. (212) 969-3035
Fax (212) 969-2900
hganz@proskauer.com
*Attorneys for Defendant Altria Group, Inc.*

14