UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
D'ARCY QUINN,                                               :
                                                            :
                       Plaintiff,                         :
                                                            :
       - against -                                         :    07-CV-8783 (LTS) (RLE)
                                                            :
ALTRIA GROUP, INC. (f/k/a PHILIP MORRIS                     :
COMPANIES), d/b/a itself, d/b/a ALTRIA                      :
CORPORATE SERVICES, INC. (f/k/a PHILIP                      :
MORRIS CORPORATE SERVICES, INC.), d/b/a                     :
PHILIP MORRIS INTERNATIONAL INC., d/b/a                     :
PHILIP MORRIS INTERNATIONAL                                 :
MANAGEMENT, S.A.;                                           :
and                                                         :
PHILIP MORRIS INTERNATIONAL INC., d/b/a                     :
itself and d/b/a PHILIP MORRIS                              :
INTERNATIONAL MANAGEMENT, S.A.                              :
                                                            :
                       Defendants.                        :
------------------------------------------------------------X

## PRELIMINARY PRE-TRIAL STATEMENT

      Plaintiff D'Arcy Quinn and defendants Altria Group, Inc. ("Altria") and Philip Morris International Inc. ("PMI Inc."), collectively "the Parties," jointly submit this Preliminary Pre-Trial Statement, pursuant to Fed. R. Civ. P. 26(f) and the Court's Initial Conference Order dated October 22, 2007.

      Pursuant to previously entered Stipulations in this case, this Preliminary Pre-Trial Statement sets forth, among other things, a plan for discovery relating to Altria's and PMI Inc.'s pending motions to dismiss ("Defendants' Motions").

a.    <u>Nature Of The Action</u>

      This is a civil case alleging age discrimination and retaliation, brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and the New York State

Human Rights Law ("NYSHRL"), N.Y. Exec. L. §§ 296 *et seq.* Plaintiff alleges that his employment was unlawfully terminated and that he was treated less favorably than similarly situated individuals on the basis of his age and in retaliation for his complaints about age discrimination.

b.   Basis For The Court's Jurisdiction

    i.   Plaintiff's Position

The Court has jurisdiction over plaintiff's ADEA claim, pursuant to 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. § 1343(a) (jurisdiction over federal civil rights claims), and 29 U.S.C. § 626(c) (authorizing ADEA actions in any court of competent jurisdiction). The Court has supplemental jurisdiction over the NYSHRL claim under 28 U.S.C. § 1367.

Defendants have moved, pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1), to dismiss the complaint for lack of subject matter jurisdiction, on the ground that plaintiff, a United States citizen employed in Switzerland, cannot establish the elements of extraterritorial application of the ADEA and NYSHRL. Defendants' Motions, however, do not implicate questions of subject matter jurisdiction and cannot be resolved under Rule 12(b)(1). Instead the Motions raise questions as to whether plaintiff has stated a claim under the ADEA and must be resolved under Rule 12(b)(6).

In *Arbaugh v. Y&H Corp*, 546 U.S. 500 (2006), the Supreme Court explained the dichotomy between statutory restrictions that implicate questions of subject matter jurisdiction and statutory restrictions that constitute elements or ingredients of a claim. *Arbaugh*, 546 U.S. at 513-14  To determine whether a statutory restriction implicates a court's subject matter jurisdiction, the court must look to the plain language of the statute. *Id.* at 515. Unless the statutory language "clearly" denominates a statutory restriction or limitation as "jurisdictional," that restriction constitutes an element or ingredient of a claim. *Id.* at 515-516; *Ellis v. Tribune*

*Television Co.*, 443 F.3d 71, 80 n. 11 (2d Cir. 2006)(applying the "bright line" *Arbaugh* test). Where a statutory restriction constitutes an element of a claim, a challenge to a plaintiff's ability to establish that element cannot be adjudicated under Rule 12(b)(1). *See, e.g., Massaro v. Allington Fire Dist.*, 03 CV 136 (EBB), 2006 WL 1668008 (D. Conn. June 16, 2006)(applying *Arbaugh* and converting a Rule 12(b)(1) motion to a Rule 12(b)(6) motion, where the motion challenged the plaintiff's ability to allege an element of an employment discrimination claim). Instead, that challenge must be adjudicated under Rules 12(b)(6) and 56, and factual disputes concerning that element must be resolved by the trier of fact. *Arbaugh*, 530 U.S. at 514-15; *see, e.g., Massaro*, 2006 WL 1668008.

In the instant case, the plain language of the jurisdictional section of the ADEA confers jurisdiction over ADEA claims on "any court of competent jurisdiction." 29 U.S.C. § 626(c). Furthermore, the ADEA provisions stating the requirements for extraterritorial application of that statute do not denominate those requirements as jurisdictional. 29 U.S.C. § 623(h). Thus under *Arbaugh*, those requirements constitute elements of an ADEA claim and are not jurisdictional within the meaning of Rule 12(b)(1). Accordingly, defendants' Motions cannot be adjudicated under Rule 12(b)(1), but must be decided pursuant to Rules 12(b)(6) and 56. Any factual disputes as to whether Plaintiff has met the requirements of extraterritorial application of the ADEA must be resolved by the jury. *See, e.g., <u>Levine v. Reader's Digest Ass'n</u>*, 06 CV 590 (CLB), 2007 WL 4241925 (S.D.N.Y. Nov. 30, 2007)(denying motion for summary judgment where genuine disputes of material fact existed concerning extraterritorial application of the ADEA).

For the reasons set forth in Sections (f) and (g) *infra*, Plaintiff submits that Defendants' Motions must be denied because Plaintiff has stated a claim for extraterritorial application of the

ADEA or, in the alternative, genuine disputes of material fact exist concerning extraterritorial application of the ADEA in this action.

### ii. Altria's Position

Altria denies that the Court has subject matter jurisdiction with respect to plaintiff's ADEA and NYSHRL claims and asserts that this issue should be resolved by the Court pursuant to Rule 12(b)(1). *See, e.g., Morelli v. Cedel*, 141 F.3d 39, 41-44 (2d Cir. 1998) (deciding motion to dismiss under Rule 12(b)(1) when plaintiff sought to apply ADEA to foreign employer).

ADEA: Plaintiff was not employed by Altria, which is a corporation organized under the laws of Virginia. Rather, Plaintiff was employed by, and worked in Switzerland for, Philip Morris International Management S.A. ("PMI Management S.A."), a foreign company organized under the laws of Switzerland. The ADEA does not apply to the conduct of a foreign corporation, like PMI Management S.A., absent a demonstration that the foreign corporation is "controlled" by an American employer within the meaning of Section 4(h) of the ADEA, 29 U.S.C. § 623(h). Because Altria did not make the decision to terminate Plaintiff's employment and, more generally, does not "control" PMI Management S.A. within the meaning of the ADEA, the Court lacks subject matter jurisdiction with respect to the ADEA claim plaintiff purports to assert against Altria.

NYSHRL: The NYSHRL provides a private right of action only if a plaintiff can show (i) that an act of discrimination was committed in New York State; or (ii) that an act of discrimination was committed outside of New York State against a New York state resident. Because plaintiff was employed in Switzerland, because Switzerland is where the alleged discrimination occurred; and because plaintiff is a resident of Switzerland and not New York, the Court lacks subject matter jurisdiction with respect to the NYSHRL claim plaintiff purports to assert against Altria. In addition, because the Court lacks subject matter jurisdiction with respect

- 4 -

to plaintiff's ADEA claim, plaintiff cannot properly invoke supplemental jurisdiction with respect to his NYSHRL claim under 28 U.S.C. § 1367.

### iii. PMI Inc.'s Position

PMI Inc. denies that the Court has subject matter jurisdiction over Plaintiff's ADEA claim and has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed.R.Civ.Pro. 12(b)(1) ("PMI Inc.'s Motion").

PMI Inc. is a U.S. corporation, but Plaintiff was not employed by PMI Inc. During the relevant times, Plaintiff was employed by non-defendant Philip Morris International Management S.A. ("PMI Management S.A."), a Swiss corporation, and worked for that entity in Switzerland. PMI Inc. did not control PMI Management S.A. within the meaning of 29 U.S.C. § 623(h). PMI Inc. further denies that the Court has subject matter jurisdiction over Plaintiff's NYSHRL claim because: (i) having no jurisdiction over Plaintiff's ADEA claim, the Court cannot exercise supplemental jurisdiction under 28 U.S.C. § 1367; and (ii) subject matter jurisdiction under the NYSHRL does not extend to Swiss residents who did not suffer a discriminatory act occurring in New York within the meaning of N.Y. Exec. L. 298-a.

PMI Inc. disputes Plaintiff's position that PMI Inc.'s Motion should be converted to a motion under Rule 12(b)(6) or 56. Challenges to a federal statute's extraterritorial application are properly brought as an objection to the court's subject matter jurisdiction. *E.g. Morelli v. Cedel*, 141 F.3d 39, 41-44 (2d Cir. 1998) (deciding motion to dismiss under Rule 12(b)(1) when plaintiff sought to apply ADEA to foreign employer); *North South Fin. Corp. v. Al-Turki*, 100 F.3d 1046 (2d Cir. 1996) (no jurisdiction over claim alleging extraterritorial application of RICO statute); *Europe and Overseas Commodity Traders, S.A. v. Banque Paribas London*, 147 F.3d

118, 132 (2d Cir. 1998) (no jurisdiction over claim alleging extraterritorial application of securities laws).

c.  Uncontested Or Admitted Material Facts

Plaintiff is a 52 year-old United States citizen. Plaintiff was employed in Lausanne, Switzerland. On February 1, 2007, Plaintiff was informed by his direct supervisor, Constantin Douros, that he would be terminated. Plaintiff was told that his termination would be effective April 30, 2007. The effective date subsequently was extended to October 31, 2007.

d.  Uncontested Legal Issues

The parties do not dispute that: (i) Plaintiff has effected service of process upon Altria and PMI Inc.; and (ii) personal jurisdiction over Altria or PMI Inc. exists.

e.  Legal Issues To Be Decided by the Court

i.  Plaintiff's Position

Because Defendants' Motions must be decided under Rule 12(b)(6) and 56, the Court must decide if the record presents genuine issues of material fact precluding summary judgment in favor of defendant as to whether (1) (as to the ADEA claim) Plaintiff was employed by an American corporation or by a corporation controlled by an American corporation, within the meaning of 29 U.S.C. § 623(h); and (2)(as to the NYSHRL claims) the discrimination and retaliation alleged was committed in New York.

Following decision on Defendants' Motions, the Court may have to decide additional legal issues concerning Plaintiff's ADEA and NYSHRL claims.

ii.  Defendants' Position

Defendants' Motions present the following legal issues: (i) whether Altria or PMI Inc. "controlled" PMI Management S.A. within the meaning of 29 U.S.C. § 623(h); and (ii) whether, as

a matter of law, the decision to terminate Plaintiff's employment cannot be deemed to have been made, reviewed or approved in New York.

f     Material Disputed Facts

    i.     Plaintiff's Statement Of Disputed Material Facts

Plaintiff was employed by Altria, through its branch, Altria Corporate Services, Inc. (formerly known as Philip Morris Corporate Services, Inc.), and PMI Inc., a subsidiary of Altria.

In the alternative, at all relevant times, Altria and PMI controlled PMI Management, S.A. (the entity that Defendants claim employed Plaintiff), within the meaning of 29 U.S.C. § 623(h).

At all relevant times, PMI Management, S.A. was the international headquarters of PMI Inc. Altria and PMI Inc. maintained centralized control over the labor relations of Plaintiff's corporate department (the Brand Integrity department) and of PMI Management S.A., and the operations of Altria, PMI Inc. and PMI Management S.A. were interrelated. Among other things: (1) Altria and PMI Inc. made, reviewed and/or approved personnel decisions and/or regulatory compliance decisions concerning Plaintiff, Plaintiff's corporate department and PMI Management S.A.; (2) Altria maintained an "Altria Code of Conduct for Compliance and Integrity," which governed all employees of "Altria Group companies" and "Altria's companies' employees," including, without limitation, employees of PMI Inc. and PMI Management S.A.; (3) PMI Inc.'s Senior Vice President for Trade Practices, who was one of Plaintiff's supervisors, reviewed Plaintiff's work performance and took adverse actions against him on the basis of his age and his complaints about age discrimination; and (4) PMI Inc. human resources officials advised Plaintiff of the effective date of his termination, of reasons for his termination, and that Altria's Chairman and Chief Executive Officer, who is based in New York, made the decision to terminate Plaintiff's employment.

Defendants maintained a policy and practice of discriminating against employees over age 40 on the basis of age. Defendants terminated Plaintiff's employment and took adverse actions against him on the basis of his age and in retaliation for his complaints about age discrimination. Defendants' discriminatory and retaliatory animus was evidenced by statements of defendants' high-level executives, explicit personnel policies, and corporate practices.

Defendants' discriminatory and retaliatory actions were committed in New York.

ii.  Altria's Statement Of Disputed Material Facts

Plaintiff was not employed by Altria, but rather was employed by PMI Management S.A.

Altria does not do "business as" PMI Inc. or PMI Management S.A.

Altria does not "control" PMI Management S.A. within the meaning of Section 4(h) of the ADEA, 29 U.S.C. § 623(h) because, *inter alia*, Altria and PMI Management S.A. (and PMI Inc.) are each separate and independent companies; Altria has its own separate board of directors, and none of the directors or officers of Altria is a director or officer of PMI Management S.A. (or PMI Inc.); Altria does not regularly share employees with PMI Management S.A. (or PMI Inc.); Altria does not commingle funds, bank accounts, accounts receivables or inventories with PMI Management S.A.(or PMI Inc.); Altria and PMI Management S.A. (and PMI Inc.) all maintain their own books and issue their own paychecks to employees;     Most importantly, for present purposes, Altria does not exercise day-to-day control over labor relations or employment matters involving PMI Inc. or PMI Management S.A.; and Altria does not exercise day-to-day control over labor relations or employment matters involving PMI Management S.A. (or PMI Inc.).

Altria did not play any part in the decision to terminate plaintiff's employment

Altria did not discriminate against plaintiff on the basis of age.

### iii. PMI Inc.'s Statement Of Disputed Material Facts

PMI Inc. denies that it employed Plaintiff. Plaintiff was employed by PMI Management S.A., a Swiss corporation. PMI Inc. denies that it "controls" PMI Management S.A. within the meaning of 29 U.S.C. § 623(h), because, among other things: (1) PMI Inc. does not make, approve or exercise veto power over PMI Management S.A.'s employment matters or personnel decisions, or otherwise exercise centralized control of PMI Management S.A.'s labor relations within the meaning of the ADEA; (2) PMI Management S.A.'s Senior Vice President for Trade Practices, Andre Reiman, made the decision to terminate Plaintiff's employment, and did so without consulting Altria or PMI Inc.; (3) PMI Inc. does not interrelate operations with PMI Management S.A. within the meaning of the ADEA; and (4) PMI Inc. and PMI Management S.A. do not share common management to a degree beyond what is ordinary in a parent-subsidiary relationship.

PMI Inc. also denies Plaintiff's allegations that it "does business as" PMI Management S.A. and that PMI Management S.A. "is the international headquarters of [PMI Inc.] and, until at least in or around May 4, 2007 was publicly held out as such."

PMI Inc. did not play any part in the decision to terminate plaintiff's employment

PMI Inc. did not discriminate against plaintiff on the basis of age.

### g. Plaintiff's Legal Basis For Each Cause of Action Asserted

Defendants' adverse actions against Plaintiff, including the termination of his employment, on the basis of age and in retaliation for Plaintiff's complaints about age discrimination, constitute violations of the ADEA and the NYSRHL, within the meaning of 29 U.S.C. § 623 and N.Y. Exec. L. § 296, respectively. Plaintiff satisfies the requirements for extraterritorial application of the ADEA in that he was employed by an American corporation or

by a corporation controlled by an American corporation, within the meaning of 29 U.S.C. § 623(h). Plaintiff satisfies the requirements for extraterritorial application of the NYSHRL in that the discriminatory and retaliatory actions were committed in New York.

h.      Legal Basis of Each Defense Asserted or Expected to Be Asserted

As described above, Defendants set forth below only their defenses asserted in the pending motions. Defendants expect to assert additional defenses if their motions are not granted.

i.      Altria's Basis For Denying Jurisdiction

ADEA: Plaintiff was employed in Switzerland by PMI Management S.A., a corporation organized under the laws of Switzerland and thus a "foreign person" within the meaning of 29 U.S.C. § 623(h)(2). Altria is a corporation organized under the laws of Virginia and is thus an "American employer" within the meaning of 29 U.S.C. § 623(h)(2). It is only when an American employer "controls" the foreign corporation that the conduct of the foreign corporation is "presumed" to be that of the American employer so as to permit application of the ADEA, 29 U.S.C. § 623(h)(1). The ADEA does not have extraterritorial effect if "the employer is a foreign person not controlled by an American employer." 29 U.S.C. § 623(h)(2). *See, e.g., Denty v. SmithKline Beecham Corp.*, 907 F.Supp. 879, 883 (E.D. Pa. 1995) ("American citizens working abroad for companies not controlled by American companies are not protected because the practices of such companies are not covered by the ADEA."), *aff'd*, 109 F.3d 147 (3d Cir.), *cert. denied*, 522 U.S. 820 (1997). Because Altria neither employed plaintiff nor controlled PMI Management S.A. within the meaning of 29 U.S.C. § 623(h), the ADEA cannot be given extraterritorial effect and, accordingly, plaintiffs ADEA claim should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See, e.g., Morelli* v. *Cedel*, 141 F.3d 39,

41-44 (2d Cir. 1998) (deciding motion to dismiss under Rule 12(b)(1) when plaintiff sought to apply ADEA to foreign employer).

NYSHRL: The New York State Human Rights Law provides a private right action in only two circumstances: (i) for acts of discrimination committed in New York State; and (ii) for acts of discrimination committed outside of New York State against a New York State resident. *See* N.Y. EXEC. LAW § 298-a. Because plaintiff was a resident of Switzerland and not New York, and because the complaint does not allege any facts suggesting that Altria committed a discriminatory act against him in New York, the Court lacks subject matter jurisdiction over plaintiff's NYSHRL claim. *See* N.Y. EXEC. LAW § 298-a; *Caesar v. Interoute Telecommunications, Inc.*, No. 00-cv-8629 (DLC), 2001 WL 648946, at *3 (S.D.N.Y. Jun. 12, 2001); *Thomas v. Texaco, Inc.*, 998 F.Supp. 368, 371 (S.D.N.Y. 1998); *Iwankow v. Mobil Corp.*, 541 N.Y.S.2d 428, 429 (1st Dep't 1989) ("absent an allegation that a discriminatory act was committed in New York or that a New York resident was discriminated against, New York's courts have no subject matter jurisdiction over the alleged wrong"). In addition, because the Court lacks subject matter jurisdiction with respect to plaintiff's ADEA claim, the Court cannot exercise supplemental jurisdiction with respect to plaintiff's NYSHRL claim under 28 U.S.C. § 1367.

  ii. PMI Inc.'s Basis For Denying Jurisdiction

Plaintiff's ADEA claim against PMI Inc. is beyond the Court's jurisdiction because the ADEA applies to United States citizens employed abroad, like Plaintiff (Compl. ¶ 9), only if the individual was employed by a U.S. employer or by a foreign corporation "controlled" by a U.S. employer. 29 U.S.C. § 623(h). In this case, PMI Inc. neither employed Plaintiff nor controlled PMI Management S.A., Plaintiff's foreign employer.

Without subject matter jurisdiction over Plaintiff's ADEA claim, the Court has no subject matter jurisdiction over Plaintiff's state law NYSHRL claim. *See Correspondent Services Corp. v. First Equities Corp. of Florida*, 338 F.3d 119, 126 n.7 (2d Cir. 2003). In addition, there is no subject matter jurisdiction over Plaintiff's NYSHRL claim because Plaintiff was a Swiss resident and fails to allege any facts suggesting that PMI Inc. committed a discriminatory act against him in New York State. *See* N.Y. Exec. L. § 298-a; *Iwankow v. Mobil Crop.*, 541 N.Y.S.2d 428, 429 (1st Dep't. 1989) ("absent an allegation that a discriminatory act was committed in New York or that a New York State resident was discriminated against, New York's courts have no subject matter jurisdiction over the alleged wrong").

i.  Measures And Burdens Of Proof

    i.  Plaintiff's Position.

Defendants' Motions challenge Plaintiff's ability to state a claim, within the meaning of Rule 12(b)(6). (See Section (b)(i) supra). Because Defendants' Motions rely upon matters outside the pleadings, those Motions must be resolved pursuant to Rule 56. See Fed. R. Civ. P. 12(d). In order to prevail on their Motions, Defendants must demonstrate that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law, as to the following issue: whether Plaintiff was employed by an American corporation or a corporation controlled by an American corporation within the meaning of 29 U.S.C. § 623(h). *See, .e.g, Levine*, 2007 WL 4241925.

As to Plaintiff's burden of proof at trial, 1) Plaintiff must establish a prima facie case of discrimination, (2) the burden then shifts to defendant to offer a legitimate, non-discriminatory reason for its actions, and (3) the plaintiff has the burden to show that defendant's legitimate non-discriminatory reason is pre-text for discrimination. *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133 (2000).

    ii.    Defendants' Position

With respect to the Defendants' pending dispositive motions, the burden is on Plaintiff to prove that the exercise of subject matter jurisdiction is proper by a preponderance of the evidence. *See Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002). In meeting this burden, Plaintiff "cannot rest on conclusory allegations that factual disputes exist." *Zappia Middle East Const. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

j.    Pleading Amendments

Following decision on Defendants' Motions, the parties will confer and propose a deadline for the amendment of pleadings, if necessary.

k.    Delegation To A Magistrate Judge

The parties do not consent to transfer of this case to a Magistrate Judge for all purposes.

l.    Fed. R. Civ. P. 26(a) Disclosures

By Stipulation dated January 4, 2008, the parties agreed to conduct discovery with respect to Defendants' Motions (hereafter, "Motion Discovery"). Accordingly, the Parties shall provide Fed. R. Civ. P. 26(a) disclosures with respect to Motion Discovery. Such disclosures shall occur no later than March 7, 2008.

Following decision on Defendants' Motions, the parties will confer and propose a date for the exchange of Fed. R. Civ. P. 26(a) disclosures for remaining discovery, if any, to be conducted with respect to Plaintiff's claims and Defendants' defenses.

m.    Subjects on Which Disclosure May Be Needed and Proposed Discovery Cut-Off Date.

As to Motion Discovery, disclosure is required as to whether Plaintiff was employed by an American corporation or a corporation controlled by an American corporation within the meaning of 29 U.S.C. § 623(h), and as to whether the alleged discrimination and retaliation were committed in New York. The parties agree to serve initial discovery requests by March 21, 2008

and to conduct depositions no earlier than May 1, 2008. Motion Discovery shall end on June 30, 2008. The parties will attempt to resolve any disputes over the scope of Motion Discovery before seeking judicial resolution of such disputes.

Following the close of Motion Discovery, the parties will confer and propose a briefing schedule for Defendants' Motions.

Following decision on the Defendants' Motions, the parties will confer and propose a schedule for remaining discovery, if any, to be conducted concerning Plaintiff's claims and Defendants' defenses.

n.  Expert Testimony & Discovery

The Parties do not currently anticipate that they will use expert testimony in connection with Defendants' Motions, but reserve the right to do so if necessary.

The parties reserve the right to use expert evidence at trial. Following decision on Defendants' Motions, the parties will confer and propose a deadline for any expert discovery.

o.  Changes to Limitations on Discovery Under the Federal Rules of Civil Procedure and Local Civil Rules and Other Limitations to be Imposed.

Plaintiff does not anticipate needing to modify the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules or to impose any other discovery limitations. Defendants believe that foreign law may impose certain limitations on discovery and the process by which discovery is conducted. To the extent that any documents or witnesses are located extraterritorially, the parties will work together to resolve any issues relating to such discovery before seeking judicial intervention.

p.  Status Of Settlement Discussions

Plaintiff and PMI Inc. have engaged in discussions concerning settlement, but have not reached an agreement.

q.  Jury Trial

All parties acknowledge that the Complaint demands a jury trial as to all of Plaintiffs' claims. At this juncture, the parties are unable to predict the estimated length of trial.

r.  Other Orders Required Under Fed. R. Civ. P. 16(b), 16(c) or 26(c)

The parties will require entry of a Protective Order and will complete negotiations for such a Protective Order forthwith. At this time, the Parties are not aware of any additional orders that the Court should enter under Federal Rules of Civil Procedure 16(b), 16(c) or 26(c).

Dated: New York, NY
February 8, 2008

Respectfully submitted,

BROACH & STULBERG, LLP

By: _____
Robert B. Stulberg
One Penn Plaza
Suite 2016
New York, New York 10019
(212) 268-1000
*Attorneys for D'Arcy Quinn*

HUNTON & WILLIAMS, LLP

By: _____
Shawn Patrick Regan
200 Park Avenue
New York, New York 10166
(212) 309-1000
*Attorneys for Philip Morris International Inc.*

PROSKAUER ROSE LLP

By: _____
Howard L. Ganz
1585 Broadway
New York, New York 10036
(212) 969-3000
*Attorneys for Altria Group, Inc.*

- 16 -