UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x

D'ARCY QUINN,                                    :

          Plaintiff,                       :
                                                                                            No. 07 CIV 8783 (LTS) (RLE)
         -against-                         :
                                                                    **ANSWER TO COMPLAINT**
ALTRIA GROUP, INC. and PHILIP MORRIS   :   **OF ALTRIA GROUP, INC.**
INTERNATIONAL INC.
               Defendants.              :

                                                                   :

                                                                   :

------------------------------ x

       Defendant Altria Group, Inc. ("Altria"), by its attorneys, Proskauer Rose LLP, for its answer to the complaint herein, alleges as follows:

1.      With respect to the allegations set forth in Paragraph 1 of the complaint, acknowledges that this action has been brought against Altria Group, Inc. and Philip Morris International Inc., and denies that Altria Group, Inc. does business as Altria Corporate Services, Inc, Philip Morris International Inc., or Philip Morris International Management, S.A.

2.      Denies the allegations set forth in Paragraph 2 of the complaint, except admits that plaintiff purports to bring this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N. Y. Exec. L. § 296 *et seq.*, and seeks relief pursuant to the statutory provisions cited in said Paragraph.

3.      Denies the allegations set forth in Paragraph 3 of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court pursuant to the statutory provisions cited in said Paragraph.

1

4. Denies the allegations set forth in Paragraph 4 of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court pursuant to the statutory provision cited in said Paragraph.

5. Denies the allegations set forth in Paragraph 5 of the complaint, except admits that Altria resides in and can be found in the Southern District of New York.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the complaint, except admits that plaintiff filed a Charge of Discrimination against Altria with the United States Equal Employment Opportunity Commission ("EEOC"), and that Altria responded to that Charge of Discrimination.

7. Admits, upon information and belief, the allegations set forth in Paragraph 7 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the complaint, except denies that plaintiff was employed by Altria.

10. Admits the allegations set forth in Paragraph 10 of the complaint.

11. Denies the allegations set forth in Paragraph 11 of the complaint.

12. With respect to the allegations set forth in Paragraph 12 of the complaint, admits that Philip Morris International, Inc. is a wholly-owned subsidiary of Altria, and denies knowledge or information sufficient to form a belief as to the truth of whether Philip Morris International Inc., "at all pertinent times herein," maintained its principal place of business in New York and has conducted business in New York.

14. Denies the allegations set forth in Paragraph 14 of the complaint.

15. Denies the allegations set forth in Paragraph 15 of the complaint.

16. Denies the allegations set forth in Paragraph 16 of the complaint.

17. Denies the allegations set forth in Paragraph 17 of the complaint.

18. Denies the allegations set forth in Paragraph 18 of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the complaint.

20. Denies the allegations set forth in Paragraph 20 of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the complaint.

22. Denies the allegations set forth in Paragraph 22 of the complaint.

23. Denies the allegations set forth in Paragraph 23 of the complaint, except admits, upon information and belief that, in 2000, Plaintiff entered into an employment agreement with Philip Morris Corporate Services, Inc.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the complaint, except denies that Altria Group Inc. promoted Plaintiff in or around 2001, January 2003, or June 2003.

25. Insofar as the allegations set forth in Paragraph 25 of the complaint are asserted against Altria, denies such allegations.

26. Insofar as the allegations set forth in Paragraph 26 of the complaint are asserted against Altria, denies such allegations.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the complaint.

28.  Insofar as the allegations set forth in Paragraph 28 of the complaint are asserted against Altria, denies such allegations.

29.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the complaint, except denies that Altria has terminated the employment of employees in the Brand Integrity Department on the basis of age.

30.  Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the complaint, except denies that Altria's senior management made any of the alleged statements referred to in said Paragraph.

31.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the complaint, except denies that Altria's senior management participated in the meeting or made any of the alleged statements referred to in said Paragraph.

32.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the complaint, except denies that Altria prepared or participated in the preparation of the written job evaluation referred to in said Paragraph.

33.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the complaint, except denies that Altria participated in the selection of employees to attend the meetings referred to in said Paragraph.

34.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the complaint, except denies that Altria's senior management treated plaintiff with hostility.

35.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the complaint, except denies that Altria Corporate Services, Inc. is a branch of Altria Group Inc. and denies that Altria Corporate Services, Inc. was formerly known as Phillip Morris Corporate Services, Inc.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the complaint, except denies that Altria's senior management refused to hire the allegedly well-qualified candidate referred to in said Paragraph.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the complaint, except denies that Altria terminated plaintiff's employment, took any adverse action against him and/or reassigned plaintiff's job responsibilities to others.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the complaint, except denies that Louis Camilleri made the decision to fire plaintiff and/or eliminate his position.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the complaint, except denies that Altria proffered any reasons for plaintiff's termination and denies that Altria engaged in any act of discrimination or retaliation against plaintiff.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the complaint, except admits that, in or about April 2007, Altria received a letter from plaintiff's attorneys, and respectfully refers to such letter for all of its terms and provisions, and denies that Altria engaged in any unlawful discrimination or retaliation with respect to plaintiff.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the complaint, except denies that Altria engaged in any of the alleged conduct described in said Paragraph.

50. Denies the allegations set forth in Paragraph 50 of the complaint.

51. With respect to the reallegation in Paragraph 51 of the allegations set forth in Paragraphs 1 through 50 of the complaint, repeats its responses thereto as if fully set forth herein.

52. Insofar as the allegations set forth in Paragraph 52 of the complaint are asserted against Altria, denies such allegations.

53. Insofar as the allegations set forth in Paragraph 53 of the complaint are asserted against Altria, denies such allegations.

54. Insofar as the allegations set forth in Paragraph 54 of the complaint are asserted against Altria, denies such allegations.

55. Denies the allegations set forth in Paragraph 55 of the complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the complaint.

57. With respect to the reallegation in Paragraph 57 of the allegations set forth in Paragraphs 1 through 56 of the complaint, repeats its responses thereto as if fully set forth herein.

58. Denies the allegations set forth in Paragraph 58 of the complaint.

59. Insofar as the allegations set forth in Paragraph 59 of the complaint are asserted against Altria, denies such allegations.

60. Insofar as the allegations set forth in Paragraph 60 of the complaint are asserted against Altria, denies such allegations.

61. Denies the allegations set forth in Paragraph 61 of the complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the complaint.

63. With respect to the reallegation in Paragraph 63 of the allegations set forth in Paragraphs 1 through 62 of the complaint, repeats its responses thereto as if fully set forth herein.

63.[1]    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the complaint, except denies that plaintiff opposed and/or complained to Altria concerning any alleged discriminatory practices.

64.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the complaint, except denies that Altria was aware of the alleged protected activity to which said Paragraph refers.

65.    Insofar as the allegations set forth in Paragraph 65 of the complaint are asserted against Altria, denies such allegations.

66.    Insofar as the allegations set forth in Paragraph 66 of the complaint are asserted against Altria, denies such allegations.

67.    Insofar as the allegations set forth in Paragraph 67 of the complaint are asserted against Altria, denies such allegations.

68.    Denies the allegations set forth in Paragraph 68 of the complaint.

69.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the complaint.

70.    With respect to the reallegation in Paragraph 70 of the allegations set forth in Paragraphs 1 through 69 of the complaint, repeats its responses thereto as if fully set forth herein.

71.    Denies the allegations set forth in Paragraph 71 of the complaint.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the complaint, except denies that plaintiff opposed and/or complained to Altria concerning any alleged age discrimination and denies that Altria was aware of the alleged protected activity to which said Paragraph refers.

---

[1] The complaint contains two paragraphs that are numbered "63."

73. Insofar as the allegations set forth in Paragraph 73 of the complaint are asserted against Altria, denies such allegations.

74. Insofar as the allegations set forth in Paragraph 74 of the complaint are asserted against Altria, denies such allegations.

75. Denies the allegations set forth in Paragraph 75 of the complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

77. The complaint fails to state a claim against Altria upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

78. The Court lacks subject matter jurisdiction with respect to the claims purportedly asserted by the complaint against Altria.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

79. Plaintiff's ADEA claims are barred in whole or in part because Altria did not "control" Phillip Morris International Management S.A. within the meaning of 29 U.S.C. § 623(h).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

80. Plaintiff's NYSHRL claims are barred in whole or in part because Plaintiff was not a New York resident and no discriminatory acts attributable to Altria Group, Inc. were committed within New York State.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

81. All claims brought pursuant to the NYSHRL with respect to acts or event occurring, or with respect to which Plaintiff was notified, more than one year before the filing of Plaintiff's

alleged charge concerning the NYSHRL are barred by the applicable statute of limitations or statutory procedural requirements.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

82. This Court should decline jurisdiction over the Complaint based on the doctrine of forum non conveniens because, among other things, the Complaint solely concerns conduct that took place in Switzerland, relevant witnesses (including Plaintiff) apparently live and work in Switzerland, and Plaintiff's claims significantly implicate Swiss law interests.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims are barred in whole or in part because Plaintiff has failed, in whole or in part, to mitigate his damages.

## AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

84. Plaintiff is not entitled to recover liquidated damages under the ADEA because Altria engaged in no unlawful misconduct.

**WHEREFORE**, defendant Altria Group, Inc. respectfully requests that the Court enter a judgment dismissing the complaint as against Altria with prejudice, awarding Altria the costs of this action together with reasonable attorneys' fees, and granting such other and further relief as this Court deems necessary and proper.

Dated:     New York, NY
           March 14, 2008

                                            PROSKAUER ROSE LLP

                                            By /s/ Howard L. Ganz
                                               Howard L. Ganz
                                          Attorney for Altria Group, Inc.

                                          1585 Broadway
                                          New York, NY 10036-8299
                                          Tel. (212) 969-3000
                                          Fax (212) 969-2900
                                          hganz@proskauer.com