UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                           :

D'ARCY QUINN,                        :

             Plaintiff,         :

                           :      Case No. 07 CV 8783 (LTS) (RLE)

            V.               :      **ANSWER TO COMPLAINT**

                           :

ALTRIA GROUP, INC. and PHILIP MORRIS  :
INTERNATIONAL INC.              :

                           :

             Defendants.     :
-------------------------------------------------------------X

      Defendant Philip Morris International Inc. ("PMI Inc.") by and through its attorneys,

Hunton & Williams LLP, hereby states as its Answer to the allegations of the Complaint, and its

defenses thereto, as follows:

### Introduction

         1.     This action is brought against (a) defendant Altria Group, Inc. (f/k/a Philip
Morris Companies), d/b/a itself, d/b/a Altria Corporate Services, Inc. (f/k/a Philip Morris
Corporate Services, Inc.), d/b/a Philip Morris International, Inc., d/b/a Philip Morris International
Management, S.A.; and (b) defendant Philip Morris International, Inc., d/b/a itself and d/b/a
Philip Morris International Management, S.A., (collectively, "defendants").

**ANSWER:**

      **PMI Inc. admits that Plaintiff D'Arcy Quinn ("Plaintiff") purports to bring this**

**action against "Altria Group, Inc. (f/k/a Philip Morris Companies), d/b/a itself, d/b/a Altria**

**Corporate Services, Inc. (f/k/a Philip Morris Corporate Services, Inc.), d/b/a Philip Morris**

**International, Inc., d/b/a Philip Morris International Management, S.A." and "Philip**

**Morris International, Inc., d/b/a itself and d/b/a Philip Morris International Management, S.A.," but otherwise denies the allegations in paragraph 1.[1]**

2.     Plaintiff brings this action to remedy discrimination on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621, et seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296. et seq., and to remedy retaliation in violation of the ADEA, 29 U.S.C. § 626(d), and the NYSHRL, N.Y. Exec. L. § 296(1)(e).  Plaintiff seeks injunctive and declaratory relief, monetary damages, and all other appropriate legal and equitable relief, pursuant to 28 U.S.C. § 2201, 29 U.S.C. § 626(b), N.Y. Exec. L. § 297(4)(c) and (9), and all other applicable federal and state laws.

**ANSWER:**

**PMI Inc. admits that Plaintiff alleges discrimination and retaliation under the referenced statutes, but denies that such discrimination or retaliation occurred, denies that the referenced statutes apply extraterritorially to cover Plaintiff's allegations and otherwise denies the allegations in paragraph 2.**

**Jurisdiction and Venue**

3.     Jurisdiction of this Court over plaintiff's ADEA claims is invoked pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. §§ 1331 and 1343(a)(4).

**ANSWER:**

**PMI Inc. admits that Plaintiff purports to assert that this Court has jurisdiction over the facts and claims alleged, but otherwise denies the allegations in paragraph 3.**

4.     Jurisdiction of this Court over plaintiff's NYSHRL claim is invoked pursuant to 28 U.S.C. § 1367(a), in that the NYSHRL is so related to plaintiff's ADEA claims as to form the same case or controversy under Article III of the United States Constitution.

---

[1]     The named and served Defendants in this suit are Altria Group, Inc. ("Altria") and Philip Morris International Inc. ("PMI Inc."), although the Complaint improperly lists certain other separate legal entities as Altria's or PMI Inc.'s "d/b/a."

**ANSWER:**

**PMI Inc. admits that Plaintiff purports to assert that this Court has jurisdiction**

**over the facts and claims alleged, but otherwise denies the allegations in paragraph 4.**


5.     Venue is proper within this District, pursuant to 28 U.S.C. § 1391(b), in that defendants reside and can be found in this District.

**ANSWER:**

**The allegations in paragraph 5 set forth one or more legal conclusions to which no**

**response is required.**


6.     Plaintiff has complied with all administrative requirements of the ADEA. On May 29, 2007, plaintiff timely filed a Charge of Discrimination against Altria Group, Inc. (f/k/a Philip Morris Companies), d/b/a Altria Corporate Services, Inc. (f/k/a Philip Morris Corporate Services, Inc.), d/b/a Philip Morris International, Inc., d/b/a Philip Morris International Management, S.A. with the United States Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights, complaining of the acts of discrimination on the basis of age and the acts of retaliation alleged herein. Altria Group, Inc., Altria Corporate Services, Inc., Philip Morris International, Inc., and Philip Morris International Management, S.A. each appeared and responded to Plaintiff's Charge of Discrimination.

**ANSWER:**

**The allegations in the first sentence of paragraph 6 set forth one or more legal**

**conclusions to which no response is required. With respect to the second sentence of**

**paragraph 6, PMI Inc. admits that Plaintiff filed a Charge of Discrimination captioned as**

**alleged with the Equal Employment Opportunity Commission ("EEOC"), denies**

**knowledge or information sufficient to form a belief as to whether Plaintiff filed a charge**

**with the New York State Division of Human Rights and otherwise avers that the remaining**

**allegations set forth one or more legal conclusions to which no response is required. With**

**respect to the third sentence of paragraph 6, PMI Inc. admits that it appeared and**

responded to the Charge of Discrimination filed with the EEOC, and refers to the contents

of its submissions to the EEOC for their complete terms.

### The Parties

7.    Plaintiff is a United States citizen.  His date of birth is October 5, 1955.

**ANSWER:**

**PMI Inc. admits, upon information and belief, the allegations in paragraph 7.**

8.    Plaintiff resides in Switzerland.

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth**

**of the allegations in paragraph 8.**

9.    At all pertinent times herein until the involuntary termination of his
employment, plaintiff was employed by defendants in Switzerland and was responsible for
international anti-counterfeiting and anti-smuggling operations.  At all pertinent times herein,
plaintiff was an "employee" within the meaning of 29 U.S.C. § 630(f).

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth**

**of the allegations in the first sentence of paragraph 9, except denies that PMI Inc. employed**

**Plaintiff and avers that, during part of his employment and all of the relevant time period**

**here, Plaintiff worked in the Brand Integrity department of Philip Morris International**

**Management S.A. ("PMI Management S.A.") and that his responsibilities in that position**

**included those described in paragraph 9.  The allegation in the second sentence of**

**paragraph 9 that Plaintiff was an "employee" within the meaning of the referenced statute**

**sets forth one or more legal conclusions to which no response is required.  To the extent**

**that a response is required, PMI Inc. denies the allegation.**

10.    Altria Group, Inc. is a Virginia corporation authorized to conduct business in New York. Upon information and belief, Altria Group, Inc. maintains its principal place of business at 120 Park Avenue, New York, New York 10017. Altria Group, Inc. is an "employer" within the meaning of 29 U.S.C. §§ 630(b) and 1002(5), and N.Y. Exec. L. § 292(5).

**ANSWER:**

**PMI Inc. admits, upon information and belief, the allegations in the first sentence of paragraph 10. The allegations in the second and third sentences of paragraph 10 set forth one or more legal conclusions to which no response is required. To the extent that a response is required, PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of these allegations.**

11.    Altria Corporate Services, Inc. (f/k/a Philip Morris Corporate Services Inc.) is a branch of Altria Group, Inc. located in New York and Lausanne, Switzerland. Altria Corporate Services, Inc.'s predecessor, Philip Morris Corporate Services, Inc., was a branch of Altria Group, Inc.'s predecessor, Philip Morris Companies.

**ANSWER:**

**PMI Inc. denies, upon information and belief, the allegations in paragraph 11.**

12.    Philip Morris International, Inc. is a wholly-owned subsidiary of Altria Group, Inc. and a Virginia corporation. Upon information and belief, at all pertinent times herein, Philip Morris International, Inc. has maintained its principal place of business in New York and has conducted business in New York.

**ANSWER:**

**PMI Inc. admits the allegations in the first sentence of paragraph 12. The allegations in the second sentence of paragraph 12 set forth one or more legal conclusions to which no response is required.**

13.    Upon information and belief, at all pertinent times herein, Philip Morris International Management, S.A. is the international headquarters of Philip Morris International, Inc. and, until at least in or around May 4, 2007, was publicly held out as such.

**ANSWER:**

    **PMI Inc. denies the allegations in paragraph 13.**

    14.    Upon information and belief, at all pertinent times herein, Altria Group, Inc. has done business as itself, Altria Corporate Services, Inc., Philip Morris International, Inc., and Philip Morris International Management, S.A.

**ANSWER:**

    **PMI Inc. denies, upon information and belief, the allegations in paragraph 14.**

    15.    Upon information and belief, at all pertinent times herein, Altria Group, Inc. has controlled Altria Corporate Services Inc., Philip Morris International, Inc. and Philip Morris International Management, S.A., within the meaning of 29 U.S.C. § 623.

**ANSWER:**

    **The allegations in paragraph 15 set forth one or more legal conclusions to which no response is required. To the extent that a response is required, PMI Inc. denies the allegations insofar as they are asserted against PMI Inc. and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.**

    16.    Upon information and belief, at all pertinent times herein, defendant Altria Group, Inc. has made, reviewed and approved decisions concerning personnel matters (including, without limitation, promotions and terminations), regulatory compliance matters, and other matters related to labor relations and operations, for Altria Corporate Services, Inc., Philip Morris International, Inc. and Philip Morris International Management, S.A.

**ANSWER:**

    **The allegations in paragraph 16 set forth one or more legal conclusions to which no response is required. To the extent that a response is required, PMI Inc. denies the allegations insofar as they are asserted against PMI Inc. and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.**

17.     Upon information and belief, at all pertinent times herein, Altria Group, Inc. has maintained an "Altria Code of Conduct for Compliance and Integrity" governing all employees of "Altria Group companies" and "Altria's companies' employees," including, without limitation, employees of Altria Group, Inc., Altria Corporate Services Inc., Philip Morris International, Inc. and Philip Morris International Management, S.A.

**ANSWER:**

**PMI Inc. admits the existence of the "Altria Code of Conduct for Compliance and Integrity" and refers to the document itself and other operative documents for their complete terms.**

18.     Upon information and belief, at all pertinent times herein, defendant Philip Morris International, Inc. has done business as itself and as Philip Morris International Management, S.A.

**ANSWER:**

**PMI Inc. denies the allegations in paragraph 18.**

19.     Upon information and belief, defendant Philip Morris International, Inc. is an "employer" within the meaning of 29 U.S.C. §§ 630(b) and 1002(5), and N.Y. Exec. L. § 292(5).

**ANSWER:**

**The allegations in paragraph 19 set forth one or more legal conclusions to which no response is required.  To the extent that a response is required, PMI Inc. denies the allegations.**

20.     Upon information and belief, at all pertinent times herein, Philip Morris International, Inc. has controlled Philip Morris International Management, S.A., within the meaning of 29 U.S.C. 623.

**ANSWER:**

The allegations in paragraph 20 set forth one or more legal conclusions to which no response is required. To the extent that a response is required, PMI Inc. denies the allegations.

21.    Upon information and belief, at all pertinent times herein, Philip Morris International, Inc. has made, reviewed and approved decisions concerning, among other things, personnel matters (including, without limitation, promotions and terminations), regulatory compliance matters and other matters related to labor relations and operations, for Philip Morris International Management, S.A.

**ANSWER:**

The allegations in paragraph 21 set forth one or more legal conclusions to which no response is required. To the extent that a response is required, PMI Inc. denies the allegations.

22.    At all pertinent times herein, the decisions referenced in paragraphs 16 and 21 herein have included decisions concerning employees in the department to which plaintiff was assigned, known as the Brand Integrity department.

**ANSWER:**

PMI Inc. incorporates by reference herein its responses to paragraphs 16-21 above, and otherwise denies the allegations in paragraph 22, except admits, upon information and belief, that, during part of his employment and all of the relevant time period here, Plaintiff worked in the Brand Integrity department of PMI Management S.A.

**Statement of Facts**

23.    In 2000, plaintiff commenced employment with defendants as Counsel for anti-counterfeiting matters involving Russia, Kazakhstan and the Ukraine. In 2000, plaintiff entered into an employment agreement executed by Philip Morris Corporate Services, Inc., now known as Altria Corporate Services, Inc.

**ANSWER:**

      **PMI Inc. denies the allegations of paragraph 23, insofar as the term "defendants"**

**refers to PMI Inc.  PMI Inc. admits, upon information and belief, that, in 2000, Plaintiff**

**entered into an employment agreement with Philip Morris Corporate Services, Inc.**

      24.    In or around 2001, defendants promoted plaintiff to Investigative Case Director with responsibility for the European Union and Eastern Europe, in or around January 2003, plaintiff became the Investigative Case Director for Central and Eastern Europe.  In or around June 2003, plaintiff's title changed to Brand Integrity Director, Central and Eastern Europe, his last title at defendants.  In that position, plaintiff was responsible for defendants' anti-counterfeiting and anti-smuggling operations in Eastern and Central Europe and supervised in-house staff and private investigators.  At all pertinent times herein, plaintiff's job performance at defendants was excellent.

**ANSWER:**

      **PMI Inc. denies the allegations in paragraph 24 insofar as the term "defendants"**

**refers to PMI Inc.  PMI Inc. avers, upon information and belief, that Plaintiff's last title at**

**PMI Management S.A. was Brand Integrity Director, Central and Eastern Europe, and**

**that Plaintiff's responsibilities in that position included those described in paragraph 24.**

**With respect to the allegation in the final sentence of paragraph 24, PMI Inc. refers to**

**Plaintiffs' performance evaluations and other indicia of his performance.**

      25.    Despite plaintiff's excellent job performance, his career at defendants was undermined by virulent age discrimination, evidenced by explicit personnel policies, corporate practices and statements of high-level executives.  This age discrimination, as well as retaliation against plaintiff for his complaints to management about age discrimination, resulted in plaintiff's discharge.  Defendants' discrimination and retaliation against plaintiff are evidenced by, among other things, the acts referenced in paragraphs 26 through 49 herein.

**ANSWER:**

      **PMI Inc. denies knowledge or information sufficient to form a belief as to the truth**

**of the allegations in paragraph 25, except denies these allegations insofar as the term**

**"defendants" refers to PMI Inc.**

26.     In planning and implementing hirings, firings and promotions of Brand Integrity department personnel, defendants explicitly considered the age of candidates and employees.  Among other things, at meetings convened to consider the career development of Brand Integrity department personnel (known as "Advanced Planning" meetings), defendants' Human Resources department presented PowerPoint slides variously listing individual employees' birthdates and depicting graphs of (a) the average age and seniority of the Brand Integrity department workforce versus the average age and seniority of Philip Morris International, Inc.'s workforce, (b) the average age and seniority of employees employed in particular business units of the Brand Integrity department, and (c) changes in these factors from year-to-year.

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, except denies these allegations insofar as they refer to PMI Inc. or the term "defendants" refers to PMI Inc.**

27.     Examples of the PowerPoint slides referenced in paragraph 26 herein are attached hereto as exhibits.  Exhibit A is a copy of a February 2005 slide containing a graph, entitled "Age Distribution," which shows the average age of employees in each business unit of the Brand Integrity department and notes that plaintiff's unit, "CE/EE" (Central Europe and Eastern Europe), had the maximum average age of those business units.  Exhibit B is a copy of a February 2005 slide containing a graph, which compares the average age and seniority of certain Brand Integrity department employees versus the average age and seniority of comparably-ranked employees in Philip Morris International, Inc.  That graph also notes that the average age and seniority of the Brand Integrity department employees were higher than those of the comparably-ranked Philip Morris International, Inc. employees.  Exhibit C is a copy of a graph, which contains statistics on Brand Integrity department promotions, transfers, lateral moves, new hires and terminations in 2004 and notes the average age of all employees in the Brand Integrity department as of January 1, 2005.

**ANSWER:**

**PMI Inc. admits that Plaintiff attaches as Exhibits A, B and C to his Complaint documents described in paragraph 27, and refers to the content of those documents for their terms.  PMI Inc. otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, except denies the allegations insofar as they refer to PMI Inc.**

28.    Defendants' senior management explicitly expressed its decision to not hire, to not promote, or to fire particular employees, including United States citizens employed by defendants abroad, because they were "too old."  At all pertinent times herein, employees in their 40s or 50s were referred to by defendants' senior management as not having the "right profile," meaning that they were too old for their jobs, and as "blockers," meaning that they were preventing the promotion of younger employees.  Defendants' senior management also repeatedly expressed the need to bring in "fresh young talent" to make the company "winning and agile."

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, except denies these allegations insofar as "defendants" or "the company" refers to PMI Inc.**

29.    Upon information and belief, (a) defendants have terminated the employment of Brand Integrity department employees, including United States citizens employed abroad, who are over 40, on the basis of age, (b) as of approximately May 2007, the last approximately 18 hires into the Brand Integrity department were in their 20's and 30's and, for the most part, replaced employees in their 40's and 50's, and (c) the average age of the Brand Integrity department workforce has declined significantly in recent years.

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, except denies these allegations insofar as "defendants" refers to PMI Inc.**

30.    After plaintiff turned 50 in 2005, he was told by defendants' senior management, in words or effect, that he no longer had the "right profile" and should be "moving on."

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, except denies these allegations insofar as "defendants" refers to PMI Inc.**

31.    At an Advanced Planning meeting in January 2006, defendants' senior management announced plans to force the termination of two Brand Integrity department staff members who were in their late 50's because the two did not have "the right profile anymore." Less experienced persons in their 30s were the designated successors for the two staff members. At the meeting, plaintiff vigorously protested defendants' age-based decision-making practices to senior management, including Andre Reiman, Philip Morris International, Inc.'s Senior Vice President for Trade Practices and Compliance.  Mr. Reiman reacted harshly to plaintiff's protests.

**ANSWER:**

    **PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, except denies these allegations insofar as "defendants" refers to PMI Inc., and denies that Andre Reiman was PMI Inc.'s Senior Vice President for Trade Practices and Compliance.**

32.    Shortly after the January 2006 Advanced Planning meeting, plaintiff received a 2005 written job evaluation, signed by Mr. Reiman and by plaintiff's direct supervisor, Constantin Douros, Philip Morris International, Inc.'s Director, Brand Integrity, which unjustifiably criticized plaintiff and lowered his overall performance rating from "Exceeds [expectations]" -- the rating he had received from Mr. Douros and Mr. Reiman in each of the previous two years -- to "Good."

**ANSWER:**

    **PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, except denies that Constantin Douros was PMI Inc.'s Director, Brand Integrity, and refers to the text of the written job evaluations for their terms.**

33.    Following the January 2006 Advanced Planning meeting and continuing through in or around December 2006, plaintiff was systematically excluded from key company meetings and blocked from attending meetings with outside agencies concerning operations in regions under his jurisdiction.  Instead, defendants chose less experienced employees in their 30s and 40s to attend those meetings.

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, except denies these allegations insofar as "defendants" or "company" refers to PMI Inc.**

34.    Following the 2006 Advanced Planning meeting and continuing through 2006, defendants' senior management treated plaintiff with hostility.  Among other things, in March 2006, Mr. Reiman, in the presence of Michael Fawlk, then-Philip Morris International, Inc.'s Vice President, Compliance, angrily grabbed plaintiff from behind and pulled him into a hallway.

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, except denies these allegations insofar as "defendants" refers to PMI Inc., and denies that Michael Fawlk was PMI Inc.'s Vice President, Compliance.**

35.    At his mid-year performance review in August 2006, plaintiff's immediate supervisor, Mr. Douros, told him, in words or effect, "Don't think about hanging around for early retirement," "There's nothing left for you," "Given your age, you won't be offered another job in the company," and "You no longer have the right profile."

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, except admits, upon information and belief, that Douros was Plaintiff's immediate supervisor at PMI Management S.A.**

36.    Approximately one month later, Mr. Reiman boasted, in the presence of plaintiff and others, that he communicated directly to Altria Group, Inc.'s Board of Directors and personally with "Louis" (referring, upon information and belief, to Louis Camilleri, Altria Group, Inc.'s Chairman and Chief Executive Officer), about who should be fired following compliance audits.  Upon information and belief, the compliance audits to which Mr. Reiman referred were conducted periodically by Altria Group, Inc., through its branch, Altria Corporate Services, Inc. (formerly Philip Morris Corporate Services, Inc.).

**ANSWER:**

     **PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.**

     37.     On or about October 2, 2006, plaintiff asked Human Resources Manager Birute Vaitkeviciene why senior management had refused to hire a well-qualified 56-year old candidate for a Brand Integrity department staff position in Poland. Ms. Vaitkeviciene replied, in words or effect, that the candidate did not have "the right profile," was "too old" and "his age is a problem." Plaintiff protested that these considerations were, in words or effect, "illegal and against company policy." Ms. Vaitkeviciene replied, among other things, in words or effect, "Look around. There's no one else in HQ or your department your age. They are all gone."

**ANSWER:**

     **PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37. Insofar as paragraph 37 alleges that Birute Vaitkeviciene was serving as PMI Inc.'s Human Resources Manager, PMI Inc. denies this allegation.**

     38.     In or around January 2007, at a Brand Integrity department meeting, Mr. Douros and Michael Fawlk, then-Vice President of Compliance and Brand Integrity of Philip Morris International, Inc., criticized certain private investigators who plaintiff supervised, who were all older than 50, as "no longer relevant" and as not having the "right profile."

**ANSWER:**

     **PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, except denies that Michael Fawlk was PMI Inc.'s Vice President, Compliance and Brand Integrity.**

     39.     On or about February 1, 2007, Mr. Douros notified plaintiff that he was to be fired for performance-related reasons. Each of the purported performance-related reasons cited by Mr. Douros is false. Plaintiff refuted each one of those purported performance-related reasons during his conversation with Mr. Douros on or about February 1, 2007.

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, except admits, upon information and belief, that Douros notified Plaintiff of his termination on or about February 1, 2007.**

40.    On or about February 1, 2007, Michel Perron, Philip Morris International, Inc.'s Director of Human Resources, and Mr. Fawlk, then-Vice President of Compliance and Brand Integrity of Philip Morris International, Inc., advised plaintiff that his termination would take effect April 30, 2007.  For medical reasons, plaintiff's effective termination date was extended to May 31, 2007 and, subsequently, to October 31, 2007.

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 40, except denies that Michael Fawlk was PMI Inc.'s Vice President, Compliance and Brand Integrity, and denies that Michel Perron was PMI Inc.'s Director of Human Resources.  PMI Inc. admits, upon information and belief, the allegations in the second sentence of paragraph 40, insofar as they allege that PMI Management S.A. extended Plaintiff's effective termination date through October 31, 2007 for medical reasons.**

41.    Upon information and belief, defendants terminated plaintiff's employment and took the above-referenced adverse actions against him because of his age and in retaliation for his complaints about age discrimination.  Upon information and belief, after terminating plaintiff's employment, defendants reassigned plaintiff's job responsibilities to two less-experienced Brand Integrity Directors, each of whom was approximately 40 years old.  One of those Brand Integrity Directors was based at defendants' offices in New York up until the time he assumed plaintiff's responsibilities.

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, except denies these allegations insofar as "defendants" refers to PMI Inc., and avers, upon information and belief, that PMI Management S.A.**

**transferred Plaintiff's job responsibilities to two other Director-level positions within the**

**Brand Integrity department, and that the individuals employed in these positions are over**

**40 years old.**

       42.    On or about February 16, 2007, plaintiff received an e-mail from Philip Morris International, Inc.'s Human Resources department announcing the elimination of 300 positions from Philip Morris International, Inc.'s Lausanne, Switzerland headquarters. When plaintiff asked the Human Resources Department for the ages and nationalities of the persons who were to be terminated, the Human Resources Department refused to provide the information.

**ANSWER:**

      **PMI Inc. denies the allegations in the first sentence of paragraph 42, except avers,**

**upon information and belief, that, on or about February 16, 2007, Plaintiff received an e-**

**mail communication from PMI Management S.A. sent to "all employees of Philip Morris**

**International Management S.A." concerning a planned reduction of positions and refers to**

**that e-mail for its complete terms. With respect to the second sentence in paragraph 42,**

**PMI Inc. admits, upon information and belief, that Plaintiff's request for the referenced**

**information was denied.**

       43.    On or about March 1, 2007, Mr. Perron told plaintiff that his discharge was due to, in words or effect, "restructuring." When plaintiff asked Mr. Perron how old he was, he replied, in words or effect, "49, I could be next."

**ANSWER:**

      **PMI Inc. denies knowledge or information sufficient to form a belief as to the truth**

**of the allegations in paragraph 43.**

       44.    On or about March 16, 2007, in the presence of Kenneth Schoenholz, Philip Morris International Inc.'s Vice President, Legal, Ulrike Kabula, Philip Morris International, Inc.'s Vice President, Human Resources, told plaintiff several times that it was "Louis," who had decided to fire plaintiff and eliminate his position, as part of a restructuring to eliminate 300 employees. Upon information and belief, when she referred to "Louis," Ms.

Ulrike was referring to Louis Camilleri, Altria Group, Inc.'s Chairman and Chief Executive Officer, based in New York City.

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, except denies that Kenneth Schoenholz was PMI Inc.'s Vice President, Legal, and denies that Ulrike Kubala[2] was PMI Inc.'s Vice President, Human Resources.**

45.     By letter dated April 5, 2007 to plaintiff, Mr. Fawlk stated that plaintiff's termination was for the reasons stated by Mr. Douros on February 1, 2007.

**ANSWER:**

**PMI Inc. admits the allegations in paragraph 45 and refers to the letter for its complete terms.**

46.     Upon information and belief, each of the different and inconsistent reasons for plaintiff's termination proffered by defendants and referenced in paragraphs 39 through 45 above, is false and a pretext for discrimination and retaliation.

**ANSWER:**

**The allegations in paragraph 46 set forth one or more legal conclusions to which no response is required.  To the extent that a response is required, PMI Inc. repeats and incorporates its responses to paragraphs 39 through 45 of the Complaint as if fully set forth herein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, except denies these allegations insofar as "defendants" refers to PMI Inc.**

---

[2]     PMI Inc. understands that this individual's name is "Ulrike Kubala," not "Ulrike Kabula," as Plaintiff alleges.

47.     By letter dated April 17, 2007, plaintiff, through his attorneys, complained to defendants about the unlawful discrimination and retaliation alleged herein.

**ANSWER:**

**PMI Inc. denies the allegations in paragraph 47, except admits, upon information and belief, that Plaintiff sent a letter to Altria Group, Inc. dated April 17, 2007 and refers to the contents of that letter for its complete terms.**

48.     On or about May 3, 2007, Philip Morris International, Inc.'s authorization to conduct business in New York was voluntarily revoked.

**ANSWER:**

**PMI Inc. admits the allegations in paragraph 48.**

49.     Since terminating plaintiff's employment and since receiving Claimant's post-termination complaints of discrimination and retaliation, referenced in paragraphs 42 through 47 herein, defendants have continued to unlawfully retaliate against plaintiff by interfering with his efforts to obtain new employment.  Among other things, defendants have contacted third-parties sponsoring or organizing conferences related to plaintiff's area of professional expertise, in order to discourage the third-parties from having plaintiff attend and/or speak at those conferences.

**ANSWER:**

**PMI Inc. repeats and incorporates its responses to paragraphs 42 through 47 of the Complaint as if fully set forth herein.  PMI Inc. further denies the allegations in paragraph 49 insofar as "defendants" refers to PMI Inc., and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49**

50.     As a result of defendants' unlawful conduct, plaintiff has suffered, and continues to suffer, irreparable injury, monetary damages and other damages, including, but not limited to, pain and suffering, emotional distress, humiliation, mental anguish, depression, anxiety, damage to reputation, and damage to physical health and well-being.

**ANSWER:**

The allegations in paragraph 50 set forth one or more legal conclusions to which no response is required. To the extent that a response is required, PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, except denies these allegations insofar as "defendants" refers to PMI Inc.

### AS AND FOR A FIRST CAUSE OF ACTION
### Age Discrimination in Violation of the ADEA

51.    Plaintiff repeats and realleges the allegations contained in paragraphs 11 through 50 of the Complaint as though recited at length herein.

**ANSWER:**

PMI Inc. repeats and incorporates its responses to paragraphs 11 through 50 of the Complaint as if fully set forth herein.

52.    Upon information and belief, defendants took the adverse actions described in paragraphs 26 through 50 of the Complaint because of plaintiff's age.

**ANSWER:**

PMI Inc. repeats and incorporates its responses to paragraphs 26 through 50 of the Complaint as if fully set forth herein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, except denies these allegations insofar as "defendants" refers to PMI Inc.

53.    Upon information and belief, defendants, by the actions described in paragraphs 26 through 50 of the Complaint, has unlawfully discriminated against plaintiff on the basis of age in violation of 29 U.S.C. § 623.

**ANSWER:**

The allegations in paragraph 53 set forth one or more legal conclusions to which no response is required. To the extent that a response is required, PMI Inc. repeats and

incorporates its responses to paragraphs 26 through 50 of the Complaint as if fully set forth

herein, and denies knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 53, except denies these allegations insofar as "defendants"

refers to PMI Inc.

      54.    Upon information and belief, defendants' violations of the ADEA
described in paragraphs 26 through 50 of the Complaint were willful, within the meaning of 29
U.S.C. § 626(b).

**ANSWER:**

The allegations in paragraph 54 set forth one or more legal conclusions to which no

response is required.  To the extent that a response is required, PMI Inc. repeats and

incorporates its responses to paragraphs 26 through 50 of the Complaint as if fully set forth

herein, and denies knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 54, except denies these allegations insofar as "defendants"

refers to PMI Inc.

      55.    Plaintiff has suffered, is now suffering and will continue to suffer
irreparable injury and monetary damages as a result of defendants' discriminatory acts unless
and until this Court grants the relief requested herein.

**ANSWER:**

The allegations in paragraph 55 set forth one or more legal conclusions to which no

response is required.  To the extent that a response is required, PMI Inc. denies knowledge

or information sufficient to form a belief as to the truth of the allegations in paragraph 55,

except denies these allegations insofar as "defendants" refers to PMI Inc.

      56.    No previous application has been made for the relief requested herein.

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.**

## AS AND FOR A SECOND CAUSE OF ACTION
### Age Discrimination in Violation of the NYSHRL

57.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 56 of the Complaint as if recited at length herein.

**ANSWER:**

**PMI Inc. repeats and incorporates its responses to paragraphs 1 through 56 of the Complaint as if fully set forth herein.**

58.    Upon information and belief, the decision to terminate plaintiff's employment was made, reviewed and/or approved in New York.

**ANSWER:**

**Upon information and belief, PMI Inc. denies the allegations in paragraph 58.**

59.    Upon information and belief defendants took the adverse actions described in paragraphs 26 through 50 of the Complaint because of plaintiff's age.

**ANSWER:**

**The allegations in paragraph 59 set forth one or more legal conclusions to which no response is required.  To the extent that a response is required, PMI Inc. repeats and incorporates its responses to paragraphs 26 through 50 of the Complaint as if fully set forth herein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, except denies these allegations insofar as "defendants" refers to PMI Inc.**

60.    Defendants, by the discriminatory acts alleged in paragraphs 26 through 50, have violated the NYSHRL, N.Y. Exec. L. § 296(l)(a).

**ANSWER:**

The allegations in paragraph 60 set forth one or more legal conclusions to which no response is required. To the extent that a response is required, PMI Inc. repeats and incorporates its responses to paragraphs 26 through 50 of the Complaint as if fully set forth herein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, except denies these allegations insofar as "defendants" refers to PMI Inc.

61.     Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory acts unless and until this Court grants the relief requested herein.

**ANSWER:**

The allegations in paragraph 61 set forth one or more legal conclusions to which no response is required. To the extent that a response is required, PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, except denies these allegations insofar as "defendants" refers to PMI Inc.

62.     No previous application has been made for the relief requested herein.

**ANSWER:**

PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

### AS AND FOR A THIRD CAUSE OF ACTION
### Unlawful Retaliation in Violation of the ADEA

63.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 62 of the Complaint as if recited at length herein.

**ANSWER:**

PMI Inc. repeats and incorporates its responses to paragraphs 1 through 62 of the Complaint as if fully set forth herein.

63.[sic][3] Plaintiff engaged in activity protected under the ADEA, 29 U.S.C. § 623(d), in that, as described in paragraphs 26 through 50 of the Complaint, plaintiff opposed and complained to defendants about the discriminatory practices described in those paragraphs.

**ANSWER:**

The allegations in paragraph 63 set forth one or more legal conclusions to which no response is required. To the extent that a response is required, PMI Inc. repeats and incorporates its responses to paragraphs 26 through 50 of the Complaint as if fully set forth herein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, except denies these allegations insofar as "defendants" refers to PMI Inc.

64.    Defendants were aware of the protected activity described in paragraphs 26 through 50 of the Complaint.

**ANSWER:**

The allegations in paragraph 64 set forth one or more legal conclusions to which no response is required insofar as they allege that unspecified activities set forth in paragraphs 26 through 50 constitute protected activity under the law. To the extent that a response is required, PMI Inc. repeats and incorporates its responses to paragraphs 26 through 50 of the Complaint as if fully set forth herein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, except denies these allegations insofar as "defendants" refers to PMI Inc.

---

[3]    The Complaint has two paragraphs numbered "63."

65.    Upon information and belief, defendants took the adverse actions referenced in paragraphs 26 through 50 of the Complaint, because plaintiff opposed and complained to defendants about the discriminatory practices described in paragraphs 26 through 50 of the Complaint.

**ANSWER:**

**The allegations in paragraph 65 set forth one or more legal conclusions to which no response is required insofar as they allege that unspecified activities set forth in paragraphs 26 through 50 constitute adverse actions under the law.  PMI Inc. repeats and incorporates its responses to paragraphs 26 through 50 of the Complaint as if fully set forth herein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, except denies these allegations insofar as "defendants" refers to PMI Inc.**

66.    Defendants, through the actions referenced in paragraphs 26 through 50 of the Complaint, have unlawfully retaliated against plaintiff, in violation of the ADEA, 29 U.S.C. § 623(d).

**ANSWER:**

**The allegations in paragraph 66 set forth one or more legal conclusions to which no response is required insofar as they allege that unspecified actions set forth in paragraphs 26 through 50 constitute unlawful retaliation under the law. The allegations in paragraph 66 set forth one or more legal conclusions to which no response is required.  To the extent that a response is required, PMI Inc. repeats and incorporates its responses to paragraphs 26 through 50 of the Complaint as if fully set forth herein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, except denies these allegations insofar as "defendants" refers to PMI Inc.**

67.    Upon information and belief, defendants' actions in violation of the ADEA described in paragraphs 26 through 50 of the Complaint were willful within the meaning of 29 U.S.C. § 626(b).

**ANSWER:**

The allegations in paragraph 67 set forth one or more legal conclusions to which no response is required insofar as they allege that unspecified activities set forth in paragraphs 26 through 50 were willful within the meaning of the law.  To the extent that a response is required, PMI Inc. repeats and incorporates its responses to paragraphs 26 through 50 of the Complaint as if fully set forth herein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, except denies these allegations insofar as "defendants" refers to PMI Inc.

68.    Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory acts unless and until this Court grants the relief requested herein.

**ANSWER:**

The allegations in paragraph 67 set forth one or more legal conclusions to which no response is required.  To the extent a response is required, PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, except denies these allegations insofar as "defendants" refers to PMI Inc.

69.    No previous application has been made for the relief requested herein.

**ANSWER:**

PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Unlawful Retaliation in Violation of the NYSHRL

70.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 69 of the Complaint as if recited at length herein.

**ANSWER:**

PMI Inc. repeats and incorporates its responses to paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71.    Upon information and belief, the decision to terminate plaintiff's employment was made, reviewed and/or approved in New York.

**ANSWER:**

Upon information and belief, PMI Inc. denies the allegations in paragraph 71.

72.    As described in paragraphs 26 through 50 of the Complaint, plaintiff opposed and complained to defendants about the age discrimination described in those paragraphs. Plaintiff thus engaged in activity protected under the NYSHRL of which defendants were aware.

**ANSWER:**

The allegations in paragraph 72 set forth one or more legal conclusions to which no response is required, insofar as they allege that unspecified activities set forth in paragraphs 26 through 50 constitute activity protected under the law. To the extent that a response is required, PMI Inc. repeats and incorporates its responses to paragraphs 26 through 50 of the Complaint as if fully set forth herein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, except denies these allegations insofar as "defendants" refers to PMI Inc.

73.    Upon information and belief, defendants took the adverse actions against plaintiff described in paragraphs 26 through 50 of the Complaint, because plaintiff opposed discriminatory practices described in those paragraphs.

**ANSWER:**

The allegations in paragraph 73 set forth one or more legal conclusions to which no response is required insofar as they allege that unspecified activities set forth in paragraphs

26 through 50 constitute adverse actions under the law.  To the extent a response is

required, PMI Inc. repeats and incorporates its responses to paragraphs 26 through 50 of

the Complaint as if fully set forth herein, and denies knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 73, except denies these

allegations insofar as "defendants" refers to PMI Inc.

74.    Defendants, through the actions referenced in paragraphs 26 through 50 of
the Complaint, has unlawfully retaliated against plaintiff, in violation of the NYSHRL, N.Y.
Exec. L. § 296(l)(e).

**ANSWER:**

The allegations in paragraph 74 set forth one or more legal conclusions to which no

response is required insofar as they allege that unspecified activities set forth in paragraphs

26 through 50 constitute unlawful retaliation under the law.  To the extent that a response

is required, PMI Inc. repeats and incorporates its responses to paragraphs 26 through 50 of

the Complaint as if fully set forth herein, and denies knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 74, except denies these

allegations insofar as "defendants" refers to PMI Inc.

75.    Plaintiff has suffered, is now suffering and will continue to suffer
irreparable injury and monetary damages as a result of defendants' discriminatory acts unless
and until this Court grants the relief requested herein.

**ANSWER:**

The allegations in paragraph 75 set forth one or more legal conclusions to which no

response is required.  To the extent a response is required, PMI Inc. denies knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 75,

except denies these allegations insofar as "defendants" refers to PMI Inc.

76. No previous application has been made for the relief requested herein.

**ANSWER:**

**PMI Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part because PMI Inc. was not Plaintiff's "employer" within the meaning of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, or the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296 *et seq.*

2. Plaintiff's ADEA claims are barred in whole or in part because PMI Inc. did not "control" PMI Management S.A. within the meaning of 29 U.S.C. § 623(h).

3. Plaintiff's NYSHRL claims are barred in whole or in part because Plaintiff was not a New York resident and no discriminatory acts attributable to PMI Inc. were committed within New York State.

4. All claims brought pursuant to the NYSHRL with respect to acts or events occurring, or with respect to which Plaintiff was notified, more than one year before the filing of Plaintiff's alleged charge concerning the NYSHRL are barred by the applicable statute of limitations or statutory procedural requirements.

5. This Court should decline jurisdiction over the Complaint based on the doctrine of forum non conveniens because, among other things, the Complaint solely concerns conduct that took place in Switzerland, relevant witnesses (including Plaintiff) apparently live and work in Switzerland, and Plaintiff's claims significantly implicate Swiss law interests.

6.     Plaintiff's claims are barred in whole or in part because Plaintiff has failed, in whole or in part, to mitigate his damages.

7.     Plaintiff is not entitled to recover liquidated damages under the ADEA in that all actions taken by PMI Inc. were taken in good faith, and PMI Inc. engaged in no willful misconduct towards Plaintiff.

8.     PMI Inc. reserves the right to amend this answer and/or to assert additional defenses as the claims of the Plaintiff and relevant evidence become more fully disclosed during the course of discovery and litigation.

Dated: New York, New York
      March 14, 2008

HUNTON & WILLIAMS LLP

By: _____
Shawn Patrick Regan
Stephen R. Blacklocks
Jacob F. M. Oslick
200 Park Avenue
New York, New York 10166
(212) 309-1000
sregan@hunton.com
sblacklocks@hunton.com
joslick@hunton.com

*Attorneys for Defendant*
*Philip Morris International Inc.*

## DECLARATION OF SERVICE

Raymond E. Galbraith, hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746.

I am a Litigation Paralegal at the law firm of Hunton & Williams LLP, attorneys for Defendant Philip Morris International Inc.

That on March 14, 2008, I served a true copy of the attached Answer to Complaint, on counsel of record, at the addresses listed below via first class mail, by depositing the same in a duly addressed, enclosed and sealed wrapper, with the correct postage thereon, in an official letter box duly maintained by the Government of the United States of America within the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 14, 2008.

_____
Raymond E. Galbraith

TO:    Robert B. Stulberg, Esq.
       BROACH & STULBERG, LLP
       One Penn Plaza
       Suite 2016
       New York, New York 10119

       *Attorney for Plaintiff D'Arcy Quinn*


       Howard L. Ganz, Esq.
       Proskauer Rose LLP
       1585 Broadway
       New York, New York 10036

       *Attorneys for Defendant Altria Group, Inc.*