UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
D'ARCY QUINN,                                           :
                                                        :
        Plaintiff,                                     :
                                                        :
        - against -                                    :    07-CV-8783 (LTS) (RLE)
                                                        :
ALTRIA GROUP, INC. (f/k/a PHILIP MORRIS                 :
COMPANIES), d/b/a itself, d/b/a ALTRIA                  :
CORPORATE SERVICES, INC. (f/k/a PHILIP                  :
MORRIS CORPORATE SERVICES, INC.), d/b/a                 :
PHILIP MORRIS INTERNATIONAL INC., d/b/a                 :
PHILIP MORRIS INTERNATIONAL                             :
MANAGEMENT, S.A.; and                                   :
PHILIP MORRIS INTERNATIONAL INC., d/b/a                 :
itself and d/b/a PHILIP MORRIS                          :
INTERNATIONAL MANAGEMENT, S.A.,                         :
                                                        :
        Defendants.                                    :
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR RECONSIDERATION OR IN THE ALTERNATIVE FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)

Dated: March 27, 2008
New York, New York

BROACH & STULBERG, LLP
Attorneys for Plaintiff
One Penn Plaza, Suite 2016
New York, New York 10119
(212) 268-1000

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT .................................................. 1

II. BACKGROUND ............................................................. 2

    A.    The Complaint ..................................................... 2

    B.    The Motions to Dismiss ............................................. 3

    C.    The Preliminary Pre-Trial Statement and Arbaugh ........................ 4

    D.    The February 15 Decision ........................................... 5

III. LEGAL STANDARDS ....................................................... 6

    A.    Motion for Reconsideration .......................................... 6

    B.    Certification of an Immediate Appeal .................................. 6

IV. ARGUMENT ............................................................... 7

    POINT I
    THE COURT SHOULD DENY DEFENDANTS' MOTIONS FOR
    RECONSIDERATION OF THE FEBRUARY 15 DECISION ..................... 7

    A.    The Motions for Reconsideration Must Fail
           Because They Advance Only New Arguments .......................... 7

    B.    Defendants' Arguments Are Substantively Frivolous ...................... 8

        1.    The Court Properly Analyzed 29 U.S.C. § 623(h) ................... 8

        2.    Defendants' post-Arbaugh cases Are Inapposite
            to the Motions to Dismiss. .................................... 10

    POINT II
    THE COURT SHOULD DENY DEFENDANTS' MOTIONS
    FOR CERTIFICATION OF AN IMMEDIATE APPEAL ....................... 13

V. CONCLUSION ............................................................ 16

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Arbaugh v. Y&H Corp., 546 U.S. 500 (2006) .................................................. passim

Ayyash v. Bank Al-Madina, 07 Civ. 9201 (GEL),
2006 WL 587342 (S.D.N.Y. Mar. 9, 2006) ...................................................... 11,12

Bowles v. Russell, 127 S.Ct. 2360 (2007) ............................................................ 12,13

In re Citigroup Pension Plan ERISA Litigation, 05 CV 5296 (SAS),
2007 WL 1074912 (S.D.N.Y. Apr. 4, 2007) ............................................................ 14

Diaz v. Kelly, 515 F.3d 149 (2d Cir. 2008) ............................................................ 13

E.E.O.C. v. Arabian American Oil Co., 499 U.S. 244 (1991) ................................ 8,9

E.E.O.C. v. Maggies Paratransit Corp., F.Supp.2d 51 (E.D.N.Y. 2005) ................ 6,7

Forester v. Cherthoff, 500 F.3d 920 (9th Cir. 2007) ................................................ 10

John R. Sand & Gravel Co. v. U.S., 128 S.Ct. 750 (2008) .................................. 12,13

Lent v. Fashion Mall Partners, L.P., 243 F.R.D. 97 (S.D.N.Y. 2007) ........................ 6

Morelli v. Cedel, 141 F.3d 39 (2d Cir. 1998) ........................................................ 3,5

Mukaddam v. Permanent Mission of Saudi Arabia to the United Nations,
136 F.Supp.2d 257 (S.D.N.Y. 2001) ...................................................................... 14,15

Norex Petroleum Ltd. v. Access Industries, Inc., 02 CV 1499,
2007 WL 2766731 (S.D.N.Y. Sept. 24, 2007) .................................................... 1,11,12

North South Finance Corp. v. Al-Turki, 100 F.3d 1046 (2d Cir. 1996) .................... 11

O'Mahony v. Accenture Ltd., 07 CV 7916, 2008 WL 344710
(S.D.N.Y. Feb. 7, 2008) ...................................................................................... 7,11,12

Primavera Familienstifung v. Askin, F.Supp.2d 567 (S.D.N.Y. 2001) ...................... 6

Rajoppe v. GMAC Corp. Holding Corp., 2007 WL 846671 (E.D.Pa. 2007) ........ 10,12,14

**FEDERAL STATUTES**

Sarbanes-Oxley Act, 18 U.S.C. § 1514A .................................................. 11,12

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ......... 5,11,12

28 U.S.C. § 1292(b) ................................................................ 1,2,6,7,13,15

28 U.S.C. § 1331 ........................................................................... 4

28 U.S.C. § 1343(a) ........................................................................ 4

28 U.S.C. § 1367 ........................................................................... 4

Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ... 1,2,3,4,5,6,8,9,10,11,12,15

29 U.S.C. § 623 ........................................................ 1,2,3,4,5,7,8,9,10,11,12,15

29 U.S.C. § 626 ........................................................................ 4,9,10

29 U.S.C. § 630 ........................................................................... 3

29 U.S.C. § 633 .......................................................................... 10

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. .............. 5,9,10,13,14

**STATE STATUTES**

New York State Human Rights Law, N.Y. Exec. Law § 296, et seq. ..................... 2,3,4

**FEDERAL RULES**

Fed. R. Civ. P. Rule 12(b)(1) ........................................................ 1,4,5,12

Local Civ. Rule 6.3 ...................................................................... 6,8

## I. PRELIMINARY STATEMENT

Plaintiff D'Arcy Quinn ("plaintiff" or "Quinn"), by and through the undersigned attorneys, submits this memorandum of law in support of plaintiff's opposition to defendants' Motions for Reconsideration or in the Alternative for Certification Pursuant to 28 U.S.C. § 1292(b) ("motions for reconsideration"). The motions for reconsideration seek reconsideration of or certification to appeal the Court's February 15, 2008 decision ("February 15 decision"), which denied defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) ("motions to dismiss").

The motions to dismiss contended that the Court lacked subject matter jurisdiction over plaintiff's ADEA claim, on the ground that plaintiff could not meet the requirements for extraterritorial application of that statute, set forth at 29 U.S.C. § 623(h). Applying Arbaugh v. Y&H Corp., 546 U.S. 500 (2006), the February 15 decision properly held that the motions to dismiss failed "to raise a meritorious issue as to lack of subject matter jurisdiction," because the requirements of 29 U.S.C. § 623(h) are not jurisdictional in nature.

The motions for reconsideration seek to relitigate the Court's holding by making frivolous and circular arguments not previously presented to the Court. More specifically, defendants contend that the Court overlooked its own decision, rendered five months earlier in Norex Petroleum Ltd v. Access Indus. Inc., 02 Civ. 1499, 2007 WL 2766731 (S.D.N.Y. Sept. 24, 2007), and other post-Arbaugh decisions, which purportedly require that the extraterritorial requirements of the ADEA be treated as jurisdictional in nature. Defendants' characterization of those decisions as controlling is belied by their own motions to dismiss and subsequent submissions to the Court, which made no mention of those post-Arbaugh decisions. That omission is not surprising, since the decisions now cited by defendants are completely inapposite

to the motions to dismiss. Accordingly, defendants' motion for reconsideration should be denied because defendants cannot establish that the Court overlooked controlling precedent that was presented to it on the motions to dismiss and that would have changed the Court's decision.

Similarly, defendants' motion for certification of an appeal under 28 U.S.C. § 1292(b) should be denied because the February 15 decision does not involve a "controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from [that decision] may materially advance the ultimate termination of the litigation." More specifically, after Arbaugh, there is no ground for substantial difference of opinion as to the non-jurisdictional nature of 29 U.S.C. § 623(h)(1), and an immediate appeal would not materially advance the termination of the litigation because, even under defendants' flawed theory, the application of 29 U.S.C. § 623(h)(1) would turn on discovery and resolution of multiple factual issue.

## II. BACKGROUND

### A. The Complaint

On October 11, 2007, plaintiff filed the Complaint. The Complaint alleges that plaintiff, an American citizen, was employed by defendants in Switzerland. The Complaint alleges that defendants violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296, et seq. by unlawfully discriminating against plaintiff on the basis of age and retaliating against him for complaining about that discrimination. The Complaint alleges that, although plaintiff was employed abroad, the discriminatory and retaliatory conduct described therein was prohibited by the ADEA, in that plaintiff was employed by an American corporation or a corporation

2

controlled by an American corporation, within the meaning of 29 U.S.C. § 623(h).

**B.     The Motions to Dismiss**

Defendants Philip Morris International Inc. ("PMI") and Altria Group, Inc. ("Altria") filed motions to dismiss on January 14, 2008 and January 28, 2008, respectively.[1] The motions to dismiss contended that plaintiff was employed abroad by a foreign corporation and could not meet the requirements of the ADEA's statutory provisions, set forth at 29 U.S.C. § 623(h)(1), that make the ADEA's prohibitions applicable to a foreign corporation.[2] See February 15 decision at 3. The motions to dismiss contended that, as a result, the Court lacked subject matter jurisdiction over plaintiff's ADEA claim and a basis for exercise of supplemental jurisdiction over the NYSHRL claim. Id.

The motions to dismiss did not address Arbaugh or any of the post-Arbaugh cases upon which the motions for reconsideration rely. Instead, the motion to dismiss, citing Morelli v. Cedel, 141 F.3d 39 (2d Cir. 1998), contended only that the motions to dismiss for failure to

---

[1] By Stipulation so ordered on January 8, 2008, defendants represented that they intended to file dispositive motions which would rely upon matters outside of the pleadings and that they would not oppose plaintiff's conducting appropriate discovery with respect to such motions. The Stipulation further provided that the parties would negotiate mutually agreeable proposed discovery and briefing schedules with respect to the motions and would report on those schedules in a joint Preliminary Pre-Trial Statement to be filed with the Court by February 8, 2008, pursuant to the Court's October 22, 2007 Initial Conference Order ("October 22, 2007 Order").

[2] Under 29 U.S.C. § 623(h), "if an employer controls a corporation whose place of incorporation is in a foreign country, any practice by such corporation prohibited by [the ADEA] shall be presumed to be such practice by such employer." Under 29 U.S.C. § 630, "employee" "includes any individual who is a citizen of the United States employed by an employer in a workplace in a foreign country." Thus, the alleged discriminatory and retaliatory conduct is prohibited by the ADEA as long as plaintiff was employed abroad by an American corporation or a foreign corporation controlled by an American corporation, within the meaning of 29 U.S.C. § 623(h).

3

satisfy the extraterritorial requirements of the ADEA may be adjudicated as motions challenging subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

C.     **The Preliminary Pre-Trial Statement and Arbaugh**

On February 8, 2008, the parties filed the joint Preliminary Pre-Trial Statement pursuant to the October 22, 2007 Order. Pursuant to that Order, each party included in the Preliminary Pre-Trial Statement a "concise statement of [its] position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon ...."

At Section (b)(i) of the Preliminary Pre-Trial Statement, plaintiff stated his position that the Court has subject matter jurisdiction over plaintiff's ADEA claim, pursuant to 28 U.S.C. §§ 1331 and 1343(a) and 29 U.S.C. § 626(c)(authorizing ADEA actions in any court of competent jurisdiction), and plaintiff's NYSHRL claim, pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiff further stated that, under Arbaugh, defendants motions to dismiss failed to implicate any question of subject matter jurisdiction. More specifically, plaintiff stated that, under Arbaugh, a statutory restriction is only jurisdictional when it is so ranked explicitly by Congress. Plaintiff stated that Congress did not rank the provisions of 29 U.S.C. § 623(h)(1) as jurisdictional in nature and that, as a result, defendants' motions to dismiss for lack of subject matter jurisdiction must fail.

Before the parties filed the Preliminary Pre-Trial Statement with the Court, plaintiff circulated the Preliminary Pre-Trial Statement containing his position on subject matter jurisdiction to defendants. At Sections (b)(ii) and (iii) of the Preliminary Pre-Trial Statement,

respectively, defendants, citing Morelli, 141 F.3d at 41-44,[3] reiterated that the motions to dismiss could be resolved under Rule 12(b)(1). In their poritions of the Preliminary Pre-Trial Statement, the defendants did not address Arbaugh or any of the post-Arbaugh decisions upon which they now rely.

**D.     The February 15 Decision**

At the February 15, 2008 Initial Conference, the Court issued the February 15 decision. The February15 decision addressed the issue of whether the requirements of 29 U.S.C. § 623(h)(1) are jurisdictional in nature. Quoting Arbaugh, the February 15 decision stated that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the limitation as nonjurisdictional in character." The Court noted stated that, in Arbaugh, the Supreme Court found that "Title VII's numerosity requirement 'appears in a separate provision [of the statutory scheme] that does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'"

The Court then applied the Arbaugh test to Section 623(h)(1) of the ADEA, holding:

> Section 623(h)(1), like the employee numerosity provisions of Title VII and the ADEA [which were at issue in Arbaugh], does not speak in jurisdictional terms or refer in any way to the jurisdiction of a district court. Section 623(h)(1), like the numerosity requirement of Title VII, appears in a separate provision of the ADEA's statutory scheme from its jurisdictional provision. Accordingly, the Court is obligated to follow the Supreme Court's analytical mandate in Arbaugh; since Congress did not label Section 623(h)(1) as jurisdictional, nor give any indication that it intended Section 623(h)(1) to be jurisdictional in nature, this Court should treat the stuatotry limitation as nonjurisdictional in character.

The Court held that the pre-Arbaugh cases cited by defendants did not "support a contrary

---

[3]PMI also cited two other pre-Arbaugh decisions concerning the extraterritorial application of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and of the federal securities laws.

interpretation" of the ADEA provisions at issue and that defendants thus failed to raise a "meritorious issue as to lack of subject matter jurisdiction." Accordingly, the Court denied the motions to dismiss.

On March 3, 2008, defendants filed their motions for reconsideration and for certification of an immediate appeal.

### III. LEGAL STANDARDS

**A.   Motion for Reconsideration**

Local Civil Rule 6.3 authorizes motions for reconsideration of an order or decision. "A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." Lent v. Fashion Mall Partners, L.P., 243 F.R.D. 97, 98 (S.D.N.Y. 2007). Reconsideration is a remedy to be narrowly applied and should not be granted where the "'moving party seeks solely to re-litigate an issue already decided.'" Id. "The moving party may not 'advance new facts, issues or arguments not previously presented to the Court.'" Id.

**B.   Certification of an Immediate Appeal**

Under 28 U.S.C. § 1292(b), a district court may certify a decision for interlocutory appeal if it is of the opinion that (1) the "decision involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation." Equal Employment Opportunity Comm'n v. Maggies Paratransit Corp., 351 F.Supp.2d 51 (E.D.N.Y. 2005); 28 U.S.C. § 1292(b).

The movant must establish all three prerequisites. Primavera Familienstifung v. Askin,

6

139 F.Supp.2d 567 (S.D.N.Y. 2001). "These three prerequisites create a significant hurdle to certification." Maggies Paratransit Corp., 351 F.Supp.2d 51 (E.D.N.Y. 2005). Relief under section 1292(b) is "strictly limited" to "'only exceptional circumstances'" that "'justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Maggies Paratransit Corp., 351 F.Supp.2d 51. Further, district courts must "exercise great care in deciding to certify a case under Section 1292(b)." Id.

## IV. ARGUMENT

### POINT I

### THE COURT SHOULD DENY DEFENDANTS' MOTIONS FOR RECONSIDERATION OF THE FEBRUARY 15 DECISION

Defendants' motions for reconsideration seek to relitigate the issue of whether the provisions of 29 U.S.C. § 623(h)(1) are jurisdictional in nature. The motions argue that the Court's characterization of 29 U.S.C. § 623(h)(1) as nonjurisdictional conflicts with various post-Arbaugh cases. These arguments, however, were not previously presented to the Court and are frivolous. Accordingly, the motions for reconsideration should be denied.

A.   **The Motions for Reconsideration Must Fail
     Because They Advance Only New Arguments**

The motions for reconsideration argue that the February 15 decision conflicts with post-Arbaugh caselaw. All but one of the post-Arbaugh cases upon which the motions rest were decided before defendants filed their motions to dismiss.[4] Nonetheless, defendants did not address Arbaugh or those post-Arbaugh cases in their motions to dismiss or in their portions of

---

[4] The only post-Arbaugh case cited by defendants that was decided after the defendants filed their motions to dismiss -- O'Mahony v. Accenture Ltd., 07 Civ. 7916, 2008 WL 344710 (S.D.N.Y. Feb. 7, 2008) – is inapposite for the reasons discussed in Section B.2, infra.

7

the Preliminary Pre-Trial Statement. Thus, the motion for reconsideration relies upon new arguments that could have been, but were not, made in the initial motions to dismiss.

Defendants' unexplained failure to rely, in their motions to dismiss and in the Preliminary Pre-Trial Statement, upon the post-<u>Arbaugh</u> cases they now cite belies their contention that those cases constitute "controlling decisions" within the meaning of Local Civil Rule 6.3. Because the Court cannot grant a motion for reconsideration based upon a new argument, the motions for reconsideration must fail.

**B.    <u>Defendants' Arguments Are Substantively Frivolous</u>**

Defendants argue that the extraterritoriality of a statute is <u>per se</u> jurisdictional in nature, as demonstrated by various post-<u>Arbaugh</u> cases -- none of which involves an ADEA claim. Defendants' sweeping argument is frivolous and does not provide any basis for modifying the Court's analysis of the nature of 29 U.S.C. § 623(h).

   **1.    <u>The Court Properly Analyzed 29 U.S.C. § 623(h).</u>**

Defendants attack the Court's analysis of 29 U.S.C. § 623(h) essentially on the ground that the extraterritorial application of a statute is <u>per se</u> jurisdictional. That argument is erroneous, and contrary to the holding in <u>Arbaugh</u>.

In <u>Arbaugh</u>, the Supreme Court stated that judicial opinions had frequently mistakenly conflated a plaintiff's need and ability to prove an element of a claim with a court's subject matter jurisdiction. Describing such opinions as "drive by jurisdictional rulings," the Supreme Court held that they are of no precedential effect as to whether a court has subject matter jurisdiction to adjudicate a claim. <u>Arbaugh</u>, 546 U.S. at 511.

In <u>Arbaugh</u>, the Supreme Court cited its own decision in <u>E.E.O.C. v. Arabian American</u>

8

Oil Co., 499 U.S. 244 (1991) as emblematic of these "drive by jurisdictional rulings." Id. at 511. Arabian American Oil concerned the extraterritorial application of Title VII of the Civil Rights Act of 1964. In Arbaugh, the Supreme Court explained:

> In Arabian American Oil Co., we affirmed the judgment of the courts below that Title VII, as then composed did not apply to a suit by a United States employee working abroad for a United Sates employer. That judgment had been placed under a lack of subject-matter jurisdiction label. We agreed with the lower courts' view of the limited geographical reach of the statute. 499 U.S. at 246-247... *En passant,* we copied the petitioners' characterization of terms included in Title VII's 'Definitions' section, 42 U.S.C. § 2000e, as 'jurisdictional.' See 499 U.S., at 249, 251, 253... But our decision did not turn on that characterization, and the parties did not cross swords over it.....

Id. at 512.

Thus, in Arbaugh, the Supreme Court explicitly stated that its historical reference to the extraterritorial application of Title VII as jurisdictional was neither deliberative nor authoritative. Rather, the Supreme Court essentially held that that historical reference was incorrect, and should be analyzed under the "readily administrable bright line test" promulgated in Arbaugh. Consequently, contrary to defendants' argument, the Supreme Court found in Arbaugh that extraterritorial application of statute is not per se jurisdictional, but is subject to the Arbaugh analysis, i.e., the jurisdictional or non-jurisdictional nature of a statute's provisions on extraterritoriality depends on how Congress categorizes those provisions in the statute.

Defendants do not and cannot refute the Court's proper analysis of the construction and language of 29 U.S.C. § 623(h)(1). As the February 15 decision held, 29 U.S.C. § 623(h)(1) is not contained within the jurisdictional section of the ADEA set forth in 29 U.S.C. § 626(c)(authorizing ADEA actions in any court of competent jurisdiction). Rather, 29 U.S.C. § 623(h)(1) is contained in the section of the ADEA, 29 U.S.C. § 623, which describes the conduct

9

prohibited by that statute. A statutory provision which describes the conduct that constitutes a legal violation addresses the <u>merits</u>, or elements of a statute brought under that statute. Among the prohibited acts described in 29 U.S.C. § 623 is discriminatory and retaliatory conduct committed by a foreign corporation controlled by an American employer. 29 U.S.C. § 623(h). Thus, 29 U.S.C. § 623(h)(1) speaks not to the jurisdiction of a court to hear an ADEA case but to the types of conduct prohibited by the ADEA – i.e., to the merits of a claim brought under the ADEA.

Although not cited by defendants, the Court's analysis in the February 15 decision comports with recent caselaw. In <u>Forester v. Chertoff</u>, 500 F.3d 920, 929 (9th Cir. 2007), the Court, applying <u>Arbaugh</u>, held that the ADEA's thirty-day waiting period applicable to federal government employees, set forth in 29 U.S.C. § 633a(d), was not jurisdictional, because Congress did not place the provisions concerning that period within the specific provision of the ADEA that confers jurisdiction on the federal courts" (29 U.S.C. § 626(c)). <u>Forester</u>, 500 F.3d at 929. In <u>Rajoppe v. GMAC Holding Corp.</u>, 05 Civ.2097, 2007 WL 846671 (E.D.Pa. Mar. 19, 2007), the court, applying <u>Arbaugh</u>, held that the requirements for extraterritorial application of Title VII are not jurisdictional in nature. <u>Rajoppe</u>, 2007 WL 846671.

Accordingly, this Court's February 15 decision is correctly decided and defendants' arguments fail to require any modification of that decision. <u>Rajoppe</u>, 2007 WL 846671.

**2.      Defendants' Post-<u>Arbaugh</u> Cases Are Inapposite to the Motions to Dismiss.**

Defendants contend that the post-<u>Arbaugh</u> cases they cite require the Court to avoid the <u>Arbaugh</u> analysis and deem extraterritorial requirements as jurisdictional. Contrary to defendants' contentions, the post-<u>Arbaugh</u> cases cited by defendants are inapposite to the

10

motions to dismiss and the Court's analysis of 29 U.S.C. § 623(h)(1).

In Ayyash v. Bank Al-Madina, 07 Civ. 9201 (GEL), 2006 WL 587342 (S.D.N.Y. Mar. 9, 2006), one of the cited by defendants, the court considered whether questions concerning the extraterritorial application of RICO implicated subject matter jurisdiction. To answer that question, the court first attempted to apply the Arbaugh test to the RICO statute – thus acknowledging that the jurisdictional or non-jurisdictional nature of a statutory provision will turn on the "bright line" Arbaugh test, where that test can be applied. The Ayyash court found, however, that RICO (unlike the ADEA) is silent on the issue of extraterritorial application and, therefore, Congress's intent is not evident. For that reason, the court concluded that it was bound to follow the holding of North South Fin. Corp. v Al-Turki, 100 F.3d 1046 (2d Cir. 1996), which enunciated limits on RICO's extraterritorial application and characterized those limits as constraints on district courts' "subject-matter jurisdiction." Thus, the holding Ayyash is explicitly limited to RICO and to circumstances not present in Arbaugh and not present here, i.e., extraterritorial application of a statute which is silent on that issue and which therefore must be analyzed based on federal common law.

For the same reasons, defendants' reliance on Norex Petroleum Ltd., 2007 WL 2766731 and O'Mahony v. Accenture Ltd., 07 Civ. 7916, 2008 WL 344710 (S.D.N.Y. Feb. 7, 2008) is misplaced. Norex addressed the same RICO question at issue in Ayyash and thus adopted the approach of the Ayyash court. Norex Petroleum Ltd., 2007 WL 2766731. Similarly, O'Mahony considered whether the extraterritorial application of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A ("SOX"), implicates a court's subject matter jurisdiction. O'Mahoney, 2008 WL 344710. Like RICO, SOX is silent as to its extraterritorial application. Consequently, O'Mahony followed

11

Norex (and by extension Ayyash) in deeming those requirements to be jurisdictional. Id.

Given that the statutory limits on extraterritorial application of the ADEA are explicitly contained in the ADEA and are explicitly designated as non-jurisdictional in that statute, the Court was obligated to follow Arbaugh in deciding the motions to dismiss and neither Ayyash, Norex, nor O'Mahony is controlling precedent with respect to the motions to dismiss.

At footnote 1 of PMI's motion for reconsideration, defendants contend that other post-Arbaugh decisions from district courts in the Second Circuit have held, without explicitly discussing Arbaugh, that a plaintiff's ability to meet extraterritorial requirements can be challenged under Rule 12(b)(1). None of those decisions address Arbaugh or analyze the extraterritorial requirements at issue in accordance with the Arbaugh test. Consequently, those decisions are "drive-by jurisdictional rulings" and devoid of any precedential weight of those opinions. Arbaugh, 546 U.S. at 511; Rajoppe, 2007 WL 846671. Accordingly, those decisions do not constitute controlling legal precedent with respect to 29 U.S.C. § 623(h).

Defendants further contend that, under Bowles v. Russell, 127 S.Ct. 2360 (2007) and John R. Sand & Gravel Co. V. U.S., 128 S.Ct. 750 (2008), the Court must follow the historical characterization of "extraterritoriality" as "quintessentially a question of subject matter jurisdiction." That contention, which defendants offer ipse dixit, is incorrect.

In Bowles, the Supreme Court held that the timely filing of a notice of a appeal in a civil case is a jurisdictional requirement. Bowles, 127 S.Ct. at 2366. The Supreme Court stated that, "although several of our recent decisions have undertaken to clarify the distinction between claims-processing rules and jurisdictional rules, none of them calls into question our longstanding treatment of statutory time limits for taking an appeal as jurisdictional." Bowles,

12

127 S.Ct. at 2365. The Supreme Court distinguished such time-limits from the types of statutory provisions at issue in Arbaugh. Bowles, 127 S.Ct. at 2365. Similarly, in John R. Sand, the Supreme Court held that "most limitations periods are non-jurisdictional affirmative defenses," but "viewed the limitations period governing suits against the United States in the Court of Federal Claims as jurisdictional, because "a long line of prior decisions had so held were entitled to adherence under principles of stare decisis." Diaz v. Kelly, 515 F.3d 149, 153-154 (2d Cir. 2008)(discussing Sand, 128 S.Ct. at 753-54, 756.)

Thus, the holdings of Bowles and Sand are narrow and reflect the Supreme Court's desire to adhere to its precedent concerning particular statutory time limits. In contrast to the Supreme Court's treatment of those statutory time limits, in Arbaugh, the Supreme Court explicitly disavowed any historical references to the extraterritorial limits of Title VII as jurisdictional and directed that such limits be evaluated under the bright line test. Nothing in Bowles or Sand modifies that precedent.

Accordingly, for the foregoing reasons, defendants' motions are meritless.

## POINT II

### THE COURT SHOULD DENY DEFENDANTS' MOTIONS FOR CERTIFICATION OF AN IMMEDIATE APPEAL

The Court should deny certification of an immediate appeal of the February 15 decision because defendants cannot establish, within the meaning of 28 U.S.C. § 1292(b), (1) that there is substantial ground for difference of opinion over a controlling question of law or (2) that an immediate appeal would advance the litigation's ultimate termination. Thus, defendants fail to establish the "extraordinary circumstances" required to obtain certification of an immediate

appeal.

As an initial matter, as stated above, defendants seek to appeal the February 15 decision based upon arguments and cases not cited in the underlying motion to dismiss. Because this Court did not rule upon those arguments in the first instance, those arguments are not ripe for review and cannot form the basis of a request for certification of an appeal.

In addition, defendants contend that there is substantial ground for difference of opinion over the February 15 decision because the February 15 decision contradicts the post-Arbaugh cases that defendants now cite. A substantial difference of opinion may exist where there is "conflicting authority on the issue," or (2) "the issue is particularly difficult and of first impression for the Second Circuit." Citigroup Pension Plan ERISA Litigation, 05 Civ. 5296 (SAS), 2007 WL 1074912 (S.D.N.Y. Apr. 4, 2007); see also Mukkadam v. Permanent Mission of Saudi Arabia to the United Nations, 136 F.Supp.2d 257 (S.D.N.Y. 2001). A claim that the relevant case law is "'less than clear'" or "'allegedly not in accord'" will not suffice." Citigroup Pension Plan, 2007 WL 1074912. In the instant case, the applicable authority is neither conflicting nor difficult nor of first impression. Indeed, the applicable caselaw is not even "less than clear" or "allegedly not in accord." On the contrary, as explained in Point I herein, the applicable case law – namely Arbaugh and its progeny – is clear and dispositive.

As explained above, the cases cited by defendants are inapposite to the February 15 decision, which is wholly consistent with the governing principles of Arbaugh. Indeed, the one court which considered whether the requirements for extraterritorial application of Title VII are jurisdictional reached the same conclusion as this Court. Rajoppe, 2007 WL 846671. Accordingly, there is no conflicting authority on the issue decided by this Court. In addition,

14

resolution of that issue turned on a straightforward analysis of the construction of 29 U.S.C. § 623(h)(1) and thus was not complex. Accordingly, there is no basis for finding a substantial difference of opinion over the February 15 decision and the Court must deny defendants' request for an immediate appeal. See, e.g., Mukaddam, 136 F.Supp.2d at 262.

Defendants' contend that an immediate appeal will advance the termination of the litigation on the ground that the appeal has a strong likelihood of success. That is incorrect. First, an immediate appeal would be unsuccessful because the Court correctly decided that 29 U.S.C. § 623(h)(1) is non-jurisdictional. Second, a reversal of the February 15 decision would not advance termination of the litigation. This is so because the basis for defendants' motion was primarily factual, i.e., defendants' challenged plaintiff's ability to establish that he was employed by an American corporation or by a corporation controlled by an American corporation within the meaning of 29 U.S.C. § 623(h)(1). Discovery and factual determinations will be required with respect to that issue, whether or not it is adjudicated as an jurisdictional matter or as a merits-related matter. It is those factual determinations, and not reversal of the February 15 decision, which will decide whether plaintiff is protected by the ADEA. Accordingly, the disposition of this litigation will not turn on the issue sought to be appealed, and the Court should refuse to certify this issue for appeal.

Finally, defendants seek a stay of merits discovery pending appeal on the ground that the appeal would have a strong likelihood of success on the merits. 28 U.S.C. § 1292(b) provides that "an application for an interlocutory appeal shall not stay district court proceedings unless the district judge or Court of Appeals or a judge thereof shall so order." For the reasons set forth above the grounds for appeal are completely frivolous and the appeal would have no chance of

15

success on the merits. Further, plaintiff would be prejudiced by any additional delay in discovery resulting from such a meritless appeal. Accordingly, the Court should deny defendants' motion for certification of an immediate appeal and for a stay of discovery.

## V. CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that defendants' motions for reconsideration and/or for certification of an immediate appeal should be rejected in their entirety.

Dated: March 27, 2008  
      New York, New York

BROACH & STULBERG, LLP  
Attorneys for Plaintiff

By: _____  
Robert B. Stulberg (RS2754)  
One Penn Plaza, Suite 2016  
New York, New York 10119  
(212) 268-1000