UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
D'ARCY QUINN,                                               :
                                                            :
                        Plaintiff,                          :
                                                            :  Case No. 07 CV 8783 (LTS) (RLE)
            V.                                              :
                                                            :
                                                            :
ALTRIA GROUP, INC. and PHILIP MORRIS                        :
INTERNATIONAL INC.                                          :
                                                            :
                        Defendants.                         :
------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PHILIP MORRIS
INTERNATIONAL INC.'S MOTION FOR RECONSIDERATION, OR, IN THE
ALTERNATIVE, FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

Shawn Patrick Regan, Esq.
Stephen R. Blacklocks, Esq.
Jacob F.M. Oslick, Esq.
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York  10166
(212) 309-1000

*Attorneys for Philip Morris International Inc.*

April 10, 2008

**Table of Contents**

ARGUMENT ........................................................................................................................1

   I. THE COURT SHOULD REACH THE MERITS OF DEFENDANTS' MOTIONS .................1

   II. THE COURT SHOULD RECONSIDER ITS DECISION ...................................................3

      A. Within the Second Circuit, Extraterritoriality Remains a Jurisdictional Issue ....................3

      B. *Arbaugh* Did Not Overturn Supreme Court Precedent Treating the Extraterritorial Application of a Federal Statute as a Jurisdictional Issue ..........................6

   III. IN THE ALTERNATIVE, THE COURT SHOULD GRANT 28 U.S.C. § 1292(b) CERTIFICATION ...............................................................................................................7

## Table of Authorities

**Cases:**

*Arbaugh v. Y&H Corp.*,
    546 U.S. 500 (2006) ................................................................................................ *passim*

*Ayyash v. Bank Al-Madina*,
    2006 WL 587342 (S.D.N.Y. Mar. 9, 2006) ................................................................ 3, 3 fn. 2, 5

*Bowles v. Russell*,
    127 S.Ct. 2360 (2007) ............................................................................................................ 6

*Boyd v. AWB Ltd.*,
    2008 WL 793633 (S.D.N.Y. Mar. 25, 2008) ........................................................ 3, 4, 4 fn. 3, 5

*Doe v. Immigration and Customs Enforcement*,
    2006 WL 1294440 (S.D.N.Y. May 10, 2006) ...................................................................... 2

*E.E.O.C. v. Arabian American Oil Co.*,
    499 U.S. 244 (1991) ................................................................................................ 4 fn. 4, 6, 7

*E.ON AG v. Acciona, S.A.*,
    468 F. Supp. 2d 537 (S.D.N.Y. 2006) ............................................................................. 5 fn. 5

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
    245 F.R.D. 147 (S.D.N.Y. 2007) ..................................................................................... 5 fn. 5

*Forester v. Chertoff*,
    500 F.3d 920 (9th Cir. 2007) .................................................................................................. 5

*Fox v. Board of Trustees of State University of New York*,
    42 F.3d 135 (2d Cir. 1994) ..................................................................................................... 2

*Gulf Oil Corp. v. Copp Paving Co. Inc.*,
    419 U.S. 186 (1974) ......................................................................................................... 4 fn. 3

*Hartford Fire Ins. Co. v. California*,
    509 U.S. 764 (1993) ............................................................................................................ 4, 7

*John R. Sand & Gravel Co. v. United States*,
    128 S.Ct. 750 (2008) ............................................................................................................... 6

*In re National Australia Bank Sec. Litig.*,
    2006 WL 3844465 (S.D.N.Y. Oct. 25, 2006) ................................................................. 5 fn. 5

*Norex Petroleum Ltd. v. Access Indus., Inc.*,
    2007 WL 2766731 (S.D.N.Y. Sept. 24, 2007) ...................................................... 3, 3 fn. 2, 5, 7

*O'Mahony v. Accenture Ltd.*,
    2008 WL 344710 (S.D.N.Y. Feb. 5, 2008) ................................................................. 3, 3 fn. 2, 5

*Phillips v. St. George's University*,
    2007 WL 3407728 (E.D.N.Y. Nov. 15, 2007) ..................................................................... 5 fn. 5

*Pollack v. Rosalind Franklin University*,
    2006 WL 3783418 (N.D.Ill. Dec. 20, 2006) ................................................................................2

*Rajoppe v. GMAC Holding Corp.*,
    2007 WL 846671 (E.D.Pa. Mar. 19, 2007) ................................................................................5

*In re Rhodia S.A. Sec. Litig.*,
    2007 WL 2826651 (S.D.N.Y. Sept. 26, 2007) ................................................................... 5 fn. 5

*Steele v. Bulova Watch Co.*,
    344 U.S. 280 (1952) ...................................................................................................................4

**Statutes:**

15 U.S.C. § 6a ....................................................................................................................................7

28 U.S.C. § 1292 ................................................................................................................................7

29 U.S.C. § 623 ........................................................................................................................ 4 fn. 4

**Rules:**

Fed. R. App. P. 4 ................................................................................................................................6

Fed. R. Civ. P. 12 ...............................................................................................................................1

Plaintiff's opposition argues that Defendants have waived their objections to the Court's subject matter jurisdiction; however, the law is clear that such objections cannot be waived. (*See* Point I, *infra*). Plaintiff also argues that *Arbaugh* controls the outcome of this case. But four decisions from district courts within the Second Circuit have now explicitly held post-*Arbaugh* that, until the Second Circuit says otherwise, a challenge to the extraterritorial application of a federal statute is properly brought as a challenge to the Court's subject matter jurisdiction. (*See* Point II.A. *infra*). Finally, Plaintiff wholly ignores the Supreme Court cases Defendants cited, which establish that extraterritoriality raises jurisdictional issues, post-*Arbaugh*, because it has historically been understood to implicate jurisdictional issues. (*See* Point II.B. *infra*). Accordingly, the Court should reconsider its decision denying Defendants' motions to dismiss and permit the parties to complete briefing on the motion under Rule 12(b)(1).

## Argument

### I.     THE COURT SHOULD REACH THE MERITS OF DEFENDANTS' MOTIONS

Plaintiff argues that Defendants' motion for reconsideration should be disregarded because it advances arguments that could have been made in Defendants' motions to dismiss and cites cases that could have been cited in support of those motions. Pl. Br. at 6-8.

Plaintiff's argument is wrong for three reasons. First, Defendants' moving briefs on their motions to dismiss cited substantial authority for the proposition that the extraterritorial application of a statute raises subject matter jurisdiction issues that can properly be adjudicated under Rule 12(b)(1). Because *Arbaugh* did not address the issue of extraterritoriality, it is not controlling here, so Defendants had no reason to discuss *Arbaugh* or post-*Arbaugh* cases in their opening briefs. Second, Plaintiff is in effect arguing that Defendants should have anticipated and refuted Plaintiff's arguments in their opening memoranda. But refutation of a non-movant's

argument properly belongs in a reply brief, which Defendants had no opportunity to submit.[1] Third, Defendants' motion calls into question this Court's subject matter jurisdiction, and it is fundamental that objections to a court's subject matter jurisdiction can be raised at any time, even on a motion for reconsideration. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived."); *Fox v. Board of Trustees of State University of New York*, 42 F.3d 135, 140 (2d Cir. 1994) ("Defects in subject matter jurisdiction cannot be waived and may be raised at any time during the proceedings."). This being indisputably so, the usual rules that may prevent a party from raising new arguments on a motion for reconsideration cannot properly be applied when a party challenges the court's subject matter jurisdiction. *E.g. Doe v. Immigration and Customs Enforcement*, 2006 WL 1294440 at *3 (S.D.N.Y. May 10, 2006) (finding it "unfortunate" that Government first raised standing argument on motion for reconsideration, but nevertheless reaching argument because standing affects subject matter jurisdiction, and "the issue of subject matter jurisdiction is never waived"); *Pollack v. Rosalind Franklin University*, 2006 WL 3783418 at *5 (N.D.Ill. Dec. 20, 2006) (granting motion for reconsideration and reversing previously entered order, when motion correctly argued that the Court lacked subject matter jurisdiction). It follows that the Court can and should address Defendants' arguments now, and decide Defendants' motion for reconsideration on its merits.

---

[1] That the October 22, 2007 standard Initial Conference Order instructed the parties to prepare a Preliminary Pre-Trial Statement which included "[a] concise statement of each party's position as to the basis of this Court's jurisdiction," is of no consequence here. Defendants, we respectfully submit, complied with this instruction in full measure, and could not reasonably have been expected to treat the Preliminary Pre-Trial Statement as a submission that would take the place of complete briefing on the motion to dismiss.

## II. THE COURT SHOULD RECONSIDER ITS DECISION

### A. Within the Second Circuit, Extraterritoriality Remains a Jurisdictional Issue

District courts within the Second Circuit are required to follow the Second Circuit's pre-*Arbaugh* cases holding that extraterritoriality is a matter of subject matter jurisdiction until such time as the Second Circuit may rule to the contrary. This is the holding of three Southern District cases cited in Defendants' moving papers: *Norex Petroleum Ltd.*, *Ayyash*, and *O'Mahony*.[2] And this same principle was reaffirmed in yet another Southern District decision issued after Defendants moved for reconsideration. In *Boyd v. AWB Ltd.*, 2008 WL 793633 at *11 n.18 (S.D.N.Y. Mar. 25, 2008), the Court stated "the Court is bound by the Court of Appeals' decisions until such time as they are directly overruled by that court or the Supreme Court. Because no intervening Supreme Court or Second Circuit case has held otherwise, the Court must continue to treat the limitation on RICO's extraterritorial application as a jurisdictional constraint." (citation and internal quotation omitted).

Despite this unanimity, Plaintiff contends that the Court should ignore *Norex*, *Ayyash* and *O'Mahony* because they concern statutes other than the ADEA (namely RICO and SOX), which are silent as to their extraterritorial reach. Plaintiff thus contends that these cases concern only common law extraterritorial principles, so they have no bearing on whether a statutory extraterritorial provision is jurisdictional. Pl. Br. at 11-12. But there is nothing in any of these cases to suggest that the issue of common law versus statutory extraterritorial application had any relevance to their outcomes. And Plaintiff's purported distinction cannot possibly apply to *Boyd*, which followed the *Norex/Ayyash/O'Mahony* approach when

---

[2] *Norex Petroleum Ltd. v. Access Indus., Inc.*, 2007 WL 2766731 at *3 (S.D.N.Y. Sept. 24, 2007); *Ayyash v. Bank Al-Madina*, 2006 WL 587342 at *4 n.2 (S.D.N.Y. Mar. 9, 2006); *O'Mahony v. Accenture Ltd.*, 2008 WL 344710 at *2 (S.D.N.Y. Feb. 7, 2008) (citing *Norex*).

considering both RICO's common law extraterritorial application, and the Sherman Act's statutory extraterritorial provisions. *See Boyd*, 2008 WL 793633 at *4 n.6, *11 n.18.[3] Moreover, Plaintiff's distinction is contradicted by Supreme Court precedent treating the question of extraterritorial application the same way, whether based on common law or statute -- as a question of subject matter jurisdiction. *Compare Steele v. Bulova Watch Co.*, 344 U.S. 280, 282-283 (1952) (common law extraterritoriality in the Lanham Act) *with Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 795-796 (1993) (statutory extraterritoriality in the Sherman Act). Indeed, Plaintiff's theory would require the Court to conclude that when Congress amended the ADEA to add extraterritorial provisions to the statute, it thereby transformed the issue of the ADEA's extraterritorial application from a jurisdictional issue into a merits one.[4] Plaintiff offers no support at all for this implausible contention.

Plaintiff also argues that the other Second Circuit district court cases that Defendants cite are "drive-by jurisdictional rulings" because they do not mention *Arbaugh*. Pl. Br. at 12. Plaintiff here is asking the Court to ignore five well-reasoned jurisdictional rulings reflecting the post-*Arbaugh* consensus on extraterritoriality within the Second Circuit. *See* PMI

---

[3] *Boyd* further held that -- despite *Arbaugh* -- the statutory extraterritorial application of the Clayton Act and the Robinson-Patman Act implicates the Court's subject matter jurisdiction. *See Boyd*, 2008 WL 793633 at *6-8 (citing *Gulf Oil Corp. v. Copp Paving Co.*, 419 U.S. 186, 194 (1974)).

[4] Furthermore, as Defendants' opening brief argued (and Plaintiff failed to refute), 29 U.S.C. § 623(h) is not actually a statutory *limitation* on coverage. Without § 623(h), the ADEA would not apply to *any* extraterritorial conduct. *See E.E.O.C. v. Arabian American Oil Co.*, 499 U.S. 244, 259 (1991). Thus, § 623(h) does not *limit* the ADEA's extraterritorial reach, it *permits* extraterritorial application in the first place, in certain specific circumstances.

Inc. Br. at 3-4.[5] Plaintiff suggests that these cases be given no weight because they did not discuss *Arbaugh*. But there is a simple explanation why these cases did not cite *Arbaugh*. As *Norex*, *Ayyash*, *O'Mahony* and *Boyd* make clear, *Arbaugh* did not overturn Second Circuit precedent. Therefore, *Arbaugh* was simply not controlling authority in these cases -- just as it is not controlling authority on the issue now before this Court.

Asking the Court to ignore the considerable Second Circuit authority on point, Plaintiff instead relies on *Rajoppe v. GMAC Holding Corp.*, 2007 WL 846671 (E.D. Pa. Mar. 19, 2007), and *Forester v. Chertoff*, 500 F.3d 920, 920 (9th Cir. 2007). Pl. Br. at 10. But *Rajoppe* and *Forester* are inapposite. *Rajoppe* is a Third Circuit district court case addressing extraterritorial provisions in Title VII (not the ADEA). *Rajoppe* is irrelevant to the present inquiry: whether *Arbaugh* overruled existing Second Circuit precedent treating extraterritoriality as jurisdictional. And, in any event, *Rajoppe* appears to be the only case that understands *Arbaugh* to require courts to treat extraterritoriality as a merits issue. *Forester*, meanwhile, stands only for the proposition that *Arbaugh* applies to some aspects of the ADEA (namely, the statutory waiting period before filing suit). But Defendants do not contend that *Arbaugh* has no application to any part of the ADEA. Rather, Defendants argue that -- under recent Supreme Court precedent -- *Arbaugh* does not extend to issues historically understood as jurisdictional, and that extraterritoriality is such an issue regardless of the precise federal statute involved. *Forester* does not address the extraterritorial application of the ADEA, and it is irrelevant that *Arbaugh* applies to other provisions of the statute.

---

[5] See, e.g., *Phillips v. St. George's University*, 2007 WL 3407728 at *2 (E.D.N.Y. Nov. 15, 2007); *In re Rhodia S.A. Sec. Litig.*, 2007 WL 2826651 at *7-9 (S.D.N.Y. Sept. 26, 2007); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 245 F.R.D. 147, 173-174 (S.D.N.Y. 2007); *E.ON AG v. Acciona, S.A.*, 468 F. Supp. 2d 537, 546 (S.D.N.Y. 2006); *In re National Australia Bank Sec. Litig.*, 2006 WL 3844465 at *2-4 (S.D.N.Y. Oct. 25, 2006).

      B.    *Arbaugh* Did Not Overturn Supreme Court Precedent Treating the Extraterritorial Application of a Federal Statute as a Jurisdictional Issue

Plaintiff further argues that *Arbaugh* controls despite two recent Supreme Court cases, *Bowles v. Russell*, 127 S.Ct. 2360 (2007), and *John R. Sand & Gravel Co. v. United States*, 128 S.Ct. 750 (2008), which recognize a general exception to *Arbaugh*. Plaintiff contends that these cases have only narrow holdings, relating to particular time limits.

But nothing in these cases indicates that their holdings are narrowly restricted to the time limitations that were at issue. Rather, both cases mention *Arbaugh* and decline to apply it. The cases thus stand for the proposition that, post-*Arbaugh*, issues remain jurisdictional if they have historically been understood as such. *See Bowles*, 127 S.Ct. at 2364 (holding that, despite *Arbaugh* and other cases, Fed. R. App. P. 4(a)'s time limitations were jurisdictional because of "our longstanding treatment of statutory time limits for taking an appeal as jurisdictional"); *John R. Sand & Gravel Co.*, 128 S.Ct. at 753-756 (treating a statue of limitations as jurisdictional because the Court historically had treated them as such, and rejecting petitioner's argument that recent cases overturned those precedents).

As PMI Inc.'s opening brief on this motion for reconsideration made clear, extraterritoriality has historically been understood to be jurisdictional. *See* PMI Inc. Brief pp. 5-8. Strikingly, Plaintiff does not cite or discuss any of the Supreme Court cases on extraterritoriality cited by Defendants that demonstrate this historical treatment of extraterritoriality. Instead, Plaintiff relies on *Arbaugh*'s discussion of *Arabian American Oil Co.*, and contends that *Arbaugh* "essentially" found that "extraterritorial application of a statute is not per se jurisdictional, but is subject to the *Arbaugh* analysis." Pl. Br. at 9. But *Arbaugh* did nothing of the kind. *Arbaugh* mentioned *Arabian American Oil Co.* to note the Court's occasional practice of issuing "drive-by jurisdictional rulings" (*i.e.*, adopting the parties'

characterizations of a motion as jurisdictional). *Arbaugh*, 546 U.S. at 511-512. *Arbaugh* did *not* hold that *Arabian American Oil* was wrong to treat extraterritoriality as jurisdictional -- it stated that *Arabian American Oil* did not address the merits of that issue. *Arbaugh* did *not* mention, much less overrule, the Supreme Court's fully-considered rulings on extraterritoriality -- including those rulings that involved statutory extraterritorial provisions not textually linked to the grant of subject matter jurisdiction, as exists in the Sherman Act. *See, e.g., Hartford Fire Ins. Co.*, 509 U.S. at 795-796; 15 U.S.C. § 6a.

### III. IN THE ALTERNATIVE, THE COURT SHOULD GRANT 28 U.S.C. § 1292(b) CERTIFICATION

Plaintiff also argues that Defendants do not meet the standards for certifying an immediate appeal under 28 U.S.C. § 1292(b), or for a partial stay of discovery.

First, Plaintiff claims that there is no substantial ground for difference of opinion, because *Arbaugh* is dispositive and no conflicting authority exists. Pl. Br. at 14-15. Plaintiff is wrong, as reflected in nearly a dozen Second Circuit district court cases (including this Court's decision in *Norex*) that, post-*Arbaugh*, continue to treat extraterritoriality as jurisdictional. *See supra* pp. 3-6.

Second, Plaintiff claims that Defendants' appeal will not advance the litigation's termination because it concerns only whether certain factual issues are adjudicated as jurisdictional or as to the merits. Pl. Br. at 15. But Defendants' appeal may result in the Court terminating the litigation at the outset -- before the parties engage in burdensome domestic and foreign discovery concerning the merits of Plaintiff's discrimination and retaliation claims.

Finally, Plaintiff claims that a partial stay of discovery is not warranted because the appeal will not succeed, and because he will purportedly suffer (unspecified) prejudice. Pl. Br. at 15-16. To the contrary, however, as reflected by the authority cited herein, Defendants'

appeal has a substantial likelihood of success. And Plaintiff provides no basis for claiming prejudice from a partial stay. Defendants seek to stay discovery only with respect to the merits of Plaintiff's discrimination and retaliation claims, not a complete stay of proceedings. Moreover, Plaintiff's prejudice claim rings hollow because Plaintiff himself agreed in the Preliminary Pre-Trial Statement to postpone merits discovery until the jurisdictional issues are resolved. *See* Preliminary Pre-Trial Statement at p. 13-14. Thus, a partial stay of discovery pending appeal will accomplish nothing more than exactly what Plaintiff had already agreed to. If the Court ultimately determines that PMI Inc. does not control PMI Management S.A., then any merits discovery will be for naught, wasting time and resources. Accordingly, it is in all parties' interests for the control issue to be decided at the outset.

Dated: New York, New York
       April 10, 2008

Respectfully submitted,

HUNTON & WILLIAMS LLP

By: _____
Shawn Patrick Regan, Esq.
Stephen R. Blacklocks, Esq.
Jacob F.M. Oslick, Esq.
200 Park Avenue
New York, New York 10166
(212) 309-1000
sregan@hunton.com
sblacklocks@hunton.com
joslick@hunton.com

*Attorneys for Philip Morris International Inc.*

## DECLARATION OF SERVICE

Bradford C. Mulder, hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746.

I am Managing Clerk at the law firm of Hunton & Williams LLP, attorneys for Defendant Philip Morris International, Inc.

That on April 10, 2008, I served a true copy of the attached Reply Memorandum of Law in Support of Philip Morris International Inc.'s Motion for Reconsideration, or, in the Alternative, for Certification Pursuant to 28 U.S.C. § 1292(b), on counsel of record, at the addresses listed below via first class mail, by depositing the same in a duly addressed, enclosed and sealed wrapper, with the correct postage thereon, in an official letter box duly maintained by the Government of the United States of America within the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 10, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　　　Bradford C. Mulder

TO:　Robert B. Stulberg, Esq.
　　　Amy Faith Shulman, Esq.
　　　BROACH & STULBERG, LLP
　　　One Penn Plaza
　　　Suite 2016
　　　New York, New York 10119

*Attorney for Plaintiff D'Arcy Quinn*

　　　Howard L. Ganz, Esq.
　　　PROSKAUER ROSE LLP
　　　1585 Broadway
　　　New York, New York 10036

*Attorneys for Defendant Altria Group, Inc.*