UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D'ARCY QUINN,

                        Plaintiff,

   -against-

ALTRIA GROUP, INC. (f/k/a PHILIP MORRIS
COMPANIES), d/b/a itself, d/b/a ALTRIA
CORPORATE SERVICES, INC. (f/k/a PHILIP
MORRIS CORPORATE SERVICES, INC.),
d/b/a PHILIP MORRIS INTERNATIONAL, INC.,
d/b/a PHILIP MORRIS INTERNATIONAL
MANAGEMENT, S.A.,

   -and-

PHILIP MORRIS INTERNATIONAL, INC., d/b/a
itself and d/b/a PHILIP MORRIS INTERNATIONAL
MANAGEMENT, S.A.,

                        Defendants.

No. 07 Civ. 8783 (LTS)(RLE)

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

### MEMORANDUM ORDER

Before the Court is a motion by Defendants Altria Group, Inc. ("Altria"), and Philip Morris International, Inc., ("PMI") (collectively, "Defendants"), (1) for reconsideration of the Court's February 15, 2008, decision denying Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, (2) for certification of the decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court has thoroughly reviewed the parties' submissions. For the following reasons, Defendants' motion is denied in its entirety.

Defendants' Motion for Reconsideration

A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice. Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted); see also Fed. R. Civ. P. 60(b), S.D.N.Y. Local Civil Rule 6.3.

Here, Plaintiff identifies no intervening change of controlling law or new evidence warranting reconsideration of the Court's February 15, 2008, decision, and no clear error or manifest injustice is present. Nor, despite the lack of full briefing on Defendants' motion,[1] had the Court failed to consider the issues pressed by Defendants on their reconsideration motion. Accordingly, Defendants' motion for reconsideration is denied.

Defendants argue primarily that the Court overlooked its own decision in Norex Petroleum Ltd. v. Access Indus., Inc., 02 Civ. 1499, 2007 WL 22766731 (S.D.N.Y. Sep. 24, 2007), and decisions post-dating Arbaugh v. Y&H Corp., 126 S.Ct. 1235 (2006), which, Defendants argue, require that the extraterritorial requirements of the ADEA be treated as jurisdictional. Defendants' arguments are without merit. The Court did not overlook its prior decision in Norex. In Norex, the Court considered Arbaugh's application to the RICO statute, and held that Arbaugh's bright-line rule on the jurisdictional or non-jurisdictional nature of a statutory provision is inapplicable to RICO because RICO, unlike Title VII or the ADEA, is silent on the issue of extraterritorial application. Thus, the statutory construction principles

---

[1] The Court decided the motion to dismiss after receiving Defendants' opening briefs and considering the parties' further arguments on the issue of subject matter jurisdiction as laid out in their Joint Preliminary Pre-Trial Statement.

enunciated in Arbaugh did not establish a new methodology for determining the jurisdictional reach of a statute lacking provisions expressly addressing extraterritoriality, and continued adherence to pre-Arbaugh cases in addressing such jurisdictional questions was warranted in the absence of further on-point Second Circuit or Supreme Court authority. In contrast, and as explained in the Court's February 15, 2008, decision, the statutory limits on extraterritorial application of the ADEA at issue here are explicitly contained in the ADEA and are explicitly designated as non-jurisdictional. Accordingly, Norex's holding is limited to RICO and to the extraterritorial application of a statute that is silent on its extraterritorial reach. Ayyash v. Bank Al-Madina, 07 Civ. 9201, 2006 WL 587342 (S.D.N.Y. Mar. 9, 2006), also cited by Defendants, similarly concerned only the extraterritorial application of RICO. See id., 2006 WL 587343 at *4 n. 2.

   Defendants further argue that reconsideration of the Court's February 15, 2008, decision is warranted in light of the Supreme Court's recent decisions in Bowles v. Russell, 127 S.Ct. 2360 (2007) (holding that a statutory limitation on the time to take appeals should continue to be treated as jurisdictional in light of long-established precedent so treating such statutes), and John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750 (2008) (holding that a statutory time limitation for suit against United States would continue to be treated as jurisdictional). Defendants submit that extraterritoriality, too, has historically been characterized as a question of subject matter jurisdiction. However, neither of those recent Supreme Court decisions dealt with extraterritoriality. Rather, they addressed specific statutory time limits in contexts in which, the Supreme Court noted, there has been a "longstanding treatment of [those particular] statutory time limits . . . as jurisdictional." Bowles, 127 S. Ct. at 2365. Indeed, in Bowles, the Supreme

Court explicitly distinguished the appellate time limit from the statutory numerosity requirement that was at issue in <u>Arbaugh.</u> <u>Id.</u> None of the other authorities relied upon by Defendants in the instant motion practice is any more supportive of their Defendants' broad proposition that the issue of extraterritorial application of U.S. statutes, whether addressed explicitly in statutory provisions or not, must always be treated as a jurisdictional matter.

Accordingly, Defendants' request for reconsideration of the Court's February 15, 2008, ruling denying their motion to dismiss the complaint for lack of subject matter jurisdiction is denied. Defendants remain free, of course, to press as a merits issue their argument that Plaintiff cannot establish the statutory requisites for ADEA liability because of a lack of U.S. "control" of the allegedly offending entity.

<u>Defendants' Motion for Certification of an Immediate Appeal</u>

Defendants, in the alternative, move pursuant to 28 U.S.C. § 1292(b) for certification of an interlocutory appeal of the Court's February 15, 2008, decision. Defendants also seek a stay of the proceedings pending such an appeal. For the reasons that follow, Defendants' motion is denied.

Although the general rule in federal courts is that appeals lie only from final decisions of district courts, title 28 of the United States Code permits interlocutory appeals:

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation. . . .

28 U.S.C.A. § 1292(b) (West 1993). Upon such certification, the court of appeals has discretion

to permit an appeal to be taken from the order. Id. "Interlocutory appeals under [this section] are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule, and only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Martens v. Smith Barney, Inc., 238 F. Supp. 2d 596, 599 (S.D.N.Y. 2002) (second alteration in original) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)). District courts are urged to "exercise great care in making a § 1292(b) certification." Westwood Pharms., Inc. v. Nat'l Fuel Gas Distribution Corp., 964 F.2d 85, 89 (2d Cir. 1992).

The Court has discretion in determining whether the three conjunctive requirements of section 1292(b) have been met. See Martens, 238 F. Supp. 2d at 599; see also German v. Fed. Home Loan Mortgage Corp., 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995) ("[T]he test for certifying an issue is a three part test. Each prong must be satisfied."). In determining whether the issue before the court satisfies the first element of the test because it involves a "controlling question of law," the Court considers whether reversal could result in dismissal of the action or significantly affect the posture of the case. Wausau Bus. Ins. Co. v. Turner Constr. Co., 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). "A question of law may also be controlling if it substantially affects a large number of cases." Pereira v. Aetna Cas. & Sur. Co. (In re Payroll Express Corp.), 921 F. Supp. 1121, 1126 (S.D.N.Y. 1996) (citing Genentech, Inc. v. Novo Nordisk A/S, 907 F. Supp. 97, 100 (S.D.N.Y. 1995)). As to the second element, "[a] mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion." Wausau Bus. Ins., 151 F. Supp. 2d at 491. In determining whether the third requirement has been satisfied, the Court considers whether an appeal would "literally

accelerate the action as a whole." Genentech, Inc. v. Novo Nordisk A/S, 907 F. Supp. 97, 100 (S.D.N.Y. 1995) (citation omitted).

Defendants' arguments on the issue of subject matter jurisdiction do not involve "controlling question[s] of law as to which there is substantial ground for difference[s] of opinion" but, instead, represent disagreements with the Court about the impact of the Supreme Court's decision in Arbaugh. Nor have Defendants demonstrated that an immediate appeal from the February 15, 2008, decision would materially advance the ultimate termination of this litigation. Whether characterized as jurisdictional or as an issue going to the merits, Defendants' position as to "control" of the foreign entity is at base a factual one that will require discovery and the determination of factual issues for final resolution. See, e.g., In re Levine, No. 94-44257 (NRB), 2004 WL 764709, at *2 (S.D.N.Y. 2004). A stay pending appeal would, therefore, simply delay the ultimate termination of the litigation. It being apparent that Defendants' application cannot satisfy the three requisites for certification for interlocutory appeal, their alternative application for such a certification is denied.

## CONCLUSION

Accordingly, Defendants' motion for reconsideration of the Court's February 15, 2008, decision or, in the alternative, for certification of an interlocutory appeal and for a partial stay of discovery is denied in its entirety. This Memorandum Order resolves docket entry no. 37.

This case remains referred to Magistrate Judge Ellis for general pre-trial supervision. The parties are encouraged to discuss among themselves and with Judge Ellis whether the initial discovery activities should focus on "control" issues.

SO ORDERED.

Dated: New York, New York
August 1, 2008

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge